SCHOOL COMMITTEE OF the TOWN
OF JOHNSTON et al.

v.

The JOHNSTON FEDERATION
OF TEACHERS et al.

No. 93–718–Appeal.

Supreme Court of Rhode Island.

Jan. 25, 1995.

Stephen Robinson, Providence, for plaintiff.

Richard Skolnik, Providence, for defendants.

OPINION

PER CURIAM.

This matter came before the Supreme Court on December 14, 1994, pursuant to an order directing the defendants to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendants have appealed from a judgment for the plaintiff entered in an action for declaratory judgment brought by the Johnston school committee and Mary Ann Carroll.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The issues will be summarily decided at this time.

On February 23, 1993, the Johnston School Committee voted not to renew the contract of a certain nontenured teacher. That teacher filed an appeal requesting a hearing before the school committee pursuant to G.L.1956 (1988 Reenactment) § 16–13–2, which provides for a hearing according to the procedure set forth in § 16–13–4. At the hearing the school committee's decision not to renew was affirmed. The defendants sought to ar-

bitrate the grievance pursuant to article 2 of the collective bargaining agreement in their contract. The school committee cites § 16–13–4, which provides in part that, ' "Any teacher aggrieved by the decision of the school board shall have right of appeal to the state department of elementary and secondary education and shall have the right of further appeal to the superior court." The school committee's position is that defendants' right to appeal the decision not to renew the contract of a nontenured teacher was limited to the procedure outlined by § 16–13–4. The trial court agreed.

This court has held that an "appeal from the decision of a local school board by a tenured teacher dismissed for alleged cause, or a nontenured teacher whose contract is not renewed, is governed by § 16–13–4 and not §§ 16–39–2 or 3 * * *." *Jacob v. Burke,* 110 R.I. 661, 669, 296 A.2d 456, 461 (1972) (hereinafter *Jacob I* ).

In *Jacob v. Board of Regents for Education,* 117 R.I. 164, 165, 365 A.2d 430, 431 (1976) (hereinafter *Jacob II* ), this court stated that in *Jacob I* we "marked the trail that must be taken by * * * a nontenured teacher who seeks to dispute a school committee's failure to renew the annual employment contract." Thus *Jacob II* supports the position of the plaintiffs in this case.

■ The defendants argue that the collective bargaining agreement allows a teacher to file a grievance challenging an unfavorable evaluation. They attempt to frame the issue in this case as one of evaluation only. We disagree. The issue here is clearly the nonrenewal of a nontenured teacher's contract. The appeal from the school board's decision must follow § 16–13–4.

In this case respondent teacher himself followed the procedure set forth in § 16–13–4 when he requested and participated in the school committee hearing on his nonrenewal.

■ Title 21 of the collective bargaining agreement entitled "Dismissal Policy," provides coverage for only "tenured teachers." The contract does not even refer to the nonrenewal of nontenured teachers' contracts. Even if agreed to, the school committee did not have the power to contract away the

standard for the review of a nonrenewal of the contract of nontenured teachers set out in § 16–13–4. *See Vose v. Rhode Island Brotherhood of Correctional Officers,* 587 A.2d 913 (R.I.1991).

For all these reasons, the defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.