**WARWICK SCHOOL COMMITTEE et al.**

v.

**WARWICK TEACHERS' UNION,
AFL–CIO, et al.**

**No. 96–580–Appeal.**

Supreme Court of Rhode Island.

Jan. 15, 1998.

Robert G. Sullivan, Providence, for Plaintiff.

Richard A. Skolnik, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant Warwick Teachers' Union (union) appeals from a Superior Court order that (1) permanently stayed any arbitration proceedings between the union and the Warwick School Committee (committee), (2) declared that the parties' collective-bargaining agreement (CBA) excludes arbitration of the committee's nonrenewal of a nontenured teacher's contract, and (3) declared that the appeals process as set forth in G.L. 1956 § 16–13–4 is the exclusive remedy available to a nonrenewed, nontenured teacher-member of the collective-bargaining unit. We ordered both parties to show cause why this appeal should not be decided summarily. Having reviewed their legal memoranda and considered their oral arguments, we conclude that no cause has been shown and that the appeal can be decided at this time.

The pertinent facts are essentially undisputed. The teacher in question (teacher) would have completed the three-year tenure-track period at the end of the 1994–95 school

year. Pursuant to the recommendation of the then-superintendent and after giving the teacher an opportunity to be heard, the committee accepted the superintendent's recommendation and declined to renew the teacher's contract. The teacher then requested and received a statement of cause for the nonrenewal. The Superior Court justice described the statement-of-cause letter as follows:

" 'The superintendent, in support of his recommendation * * * expressed the opinion that certain aspects of your performance * * * persuaded him that he could hire someone better qualified for the position.' The letter went on to indicate that that conclusion was based primarily, but not exclusively, on reports of complaints by parents of seven out of the 16 pupils in teacher's first-grade class. The letter then detailed nine types of complaints. The letter indicated that Teacher's appeal, pursuant to § 16–13–4, would be heard at a time and place to be announced."

The committee heard the teacher's appeal on numerous dates in 1995 and then unanimously upheld its previous decision not to renew the teacher's contract. Thereafter, the union filed a demand for arbitration on behalf of the teacher, and the committee filed a complaint in Superior Court against the union, seeking declaratory and injunctive relief. The committee asked that there be (1) an immediate and permanent stay of the arbitration, (2) a declaration that the CBA excludes arbitration in this instance, and (3) a declaration that the appeals process set forth in § 16–13–4 is the teacher's exclusive remedy.

Thereafter, a Superior Court justice issued a written decision granting the committee's prayer for declaratory and injunctive relief. The trial justice determined that the threshold issue was whether the parties had clearly agreed in the CBA to arbitrate such disputes. The trial justice then examined the following pertinent sections of the CBA.

Section 8–4.3 of the CBA provides:

"Tenure[d] teachers may upon a notice of suspension or dismissal file a grievance at the second step of the grievance procedure provided in this contract. If suspension or dismissal is found to be unjustified at any step of this procedure, then full pay and benefits shall be restored for the period of that suspension or dismissal.

"In case[s] of non-tenure[d] teachers, the evaluation procedure as adopted in this agreement shall take precedence in cases involving dismissal for reasons of teacher incompetency and effectiveness, and in such cases, the above paragraph shall not apply."

Section 8–4.4 provides as follows:

"Nothing provided herein shall in any way abrogate or limit rights granted to the School Committee or teachers under State of Rhode Island laws."

The trial justice found that the second paragraph of section 8–4.3 "expressly addresses the dismissal of a non-tenure[d] teacher for reasons of teacher incompetency and effectiveness." He also opined that the language contained in section 8–4.4 clearly and unequivocally indicated "that the parties did not intend to alter the non-renewed non-tenured teacher's right pursuant to § 16–13–4 to appeal nonrenewal to the State Department of Elementary and Secondary Education [the Department of Education]." The trial justice concluded that "there is no expression in the CBA by the parties hereto of any clear intention to provide access to arbitration for a non-tenured teacher upon the natural expiration or nonrenewal of a teaching contract."

The union filed a timely notice of appeal and argues that the trial justice erroneously concluded that the sole remedy available to the teacher in the instant case is the statutory right of appeal to the Department of Education. It is the union's contention that the teacher has the right to initiate the grievance procedure under the CBA, including the right to arbitration. The union also argues that a recent amendment to § 16–13–4 bolsters its view that arbitration is required in cases like this one. Finally, the union contends that the issue presented is not one of nonrenewal but rather one related to suspension or dismissal, which it suggests is governed by arbitration.

The question presented in this matter is whether the trial justice properly found that the parties did not agree to arbitrate disputes regarding the nonrenewal of a nontenured teacher and that such matters are instead subject to appeal pursuant to § 16–13–4.

We are of the opinion that the trial justice correctly determined that the CBA did not provide for arbitration of a dispute concerning the nonrenewal of a nontenured teacher. This court has held that an *"appeal from the decision of a local school board by* a tenured teacher dismissed for alleged cause, or *a nontenured teacher whose contract is not renewed, is governed by § 16–13–4."* (Emphases added.) *Jacob v. Burke,* 110 R.I. 661, 669, 296 A.2d 456, 461 (1972) (*Jacob I*).

The committee's position is further supported by this court's holdings in *Jacob v. Board of Regents for Education,* 117 R.I. 164, 365 A.2d 430 (1976) (*Jacob II*), and *School Committee of Johnston v. Johnston Federation of Teachers,* 652 A.2d 976 (R.I. 1995). In *Jacob II* we stated that "we [have] marked the trail that must be taken by * * * a nontenured teacher who seeks to dispute a school committee's failure to renew the annual employment contract. Such a teacher * * * must first seek a hearing before the school committee and from there *proceed to the State's Commissioner of Education,* to the Board of Regents, and then to the Superior Court." *Jacob II,* 117 R.I. at 165, 365 A.2d at 431. (Emphasis added.)

The union suggests that the recent amendment to § 16–13–4 preserves the availability of arbitration. Section 16–13–4(b) provides:

"Nothing contained in this section shall be construed to prohibit or at any time to have prohibited a school committee from agreeing, in a collective bargaining agreement, to the arbitration of disputes arising out of the nonrenewal, dismissal, and/or suspension of a teacher pursuant to §§ 16–13–2, 16–13–3, and/or 16–13–5."

However, we conclude that the trial justice properly found that § 16–13–4(b) has no bearing on this issue because the CBA does not provide for the arbitration of disputes arising out of the nonrenewal or dismissal of nontenured teachers.

For the foregoing reasons, the defendant's appeal is denied and the order appealed from is affirmed.