390 A.2d 386.

SCHOOL COMMITTEE OF THE CITY OF PAWTUCKET *v.*
PAWTUCKET TEACHERS ALLIANCE AFT LOCAL 930 *et al.*

SCHOOL COMMITTEE OF THE TOWN OF SOUTH KINGSTOWN *v.*
SOUTH KINGSTOWN TEACHERS ASSOCIATION.

AUGUST 22, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J. These two appeals have been consolidated because they both pose the question of whether a trial justice has the jurisdiction to stay arbitration of a grievance between a teachers association and a school committee where certain procedural requirements for the proper filing of a demand for arbitration, as set out in the collective bargaining agreement between the parties, were not followed. Both cases involve appeals by the defendants, the teachers associations for the town of South Kingstown and the city of Pawtucket, from permanent stays of arbitration granted to the plaintiffs, the school committees of South Kingstown and Pawtucket (South Kingstown and Pawtucket Committees, respectively).

In the South Kingstown proceeding, a dispute arose when the length of various teachers' lunch periods was reduced as a result of reductions in pupils' lunch periods in several elementary schools in South Kingstown. The defendant South Kingstown Teachers Association, collective bargaining unit for the affected teachers, filed a grievance on behalf of the teachers with plaintiff. The teachers complained that the effect of shortening the lunch periods of pupils and teachers was to increase the amount of time for which the teachers were responsible for the students and, as a result, to increase their working hours under article I of the agreement and to alter their teaching load under article VI of the agreement. On September 30, 1976, after an adverse decision by plaintiff, defendant filed a letter with the American Arbitration

Association (AAA) demanding arbitration of the grievance. This demand was made pursuant to article XV, section C(5)(b), which provides:

> "If the grievance arises out of contractual application, meaning or interpretation, then the final appeal from the decision in Level 4, shall be presented to the American Arbitration Association provided that the complainant or respondent notifies the AAA within five (5) days of the decision given in Level 4, and notifies in writing the complainant or respondent at the same time. The procedure will then follow the guidelines as set by the AAA and its decision will be final and binding."

The demand stated that the grievance involved a dispute over "a change in working conditions" but did not specify the exact nature of the dispute or the type of relief sought. A copy of the demand was sent to plaintiff. In a letter to the AAA, plaintiff objected to the demand, complaining that the grievance was not a proper subject for arbitration under the agreement and that defendant was barred from arbitration because it had not complied with procedures enumerated in the agreement as requisite to the proper filing of a demand. The AAA notified both parties that it would proceed with arbitration unless advised to the contrary by one of the parties or enjoined by a court. The plaintiff then filed a motion in the Superior Court pursuant to G.L. 1956 (1968 Reenactment) §28-9-13(b)[1] seeking an immediate and permanent stay of arbitration. The motion stated that defendant's demand for aribitration of September 30 did not comply with paragraph 7(a) of the rules of the AAA because

---

[1] G.L. 1956 (1968 Reenactment) §28-9-13(b) provides that a party who has not participated in any arbitration proceedings or been served with an application to compel arbitration under §28-9-5, but who has been served with notice of an intention by another party to conduct arbitration pursuant to the provisions of a contract, may, by motion for a stay of arbitration in Superior Court, challenge "the making of the contract or submission of the failure to comply therewith * * *."

it did not set forth the nature of the dispute and the remedy sought. The AAA rules are applicable to all collective bargaining agreements that, like the agreement between plaintiff and defendant, provide for arbitration by the AAA. The rules are also expressly incorporated into the subject agreement by the previously quoted language of article XV, section C(5)(b).

The trial justice granted a permanent stay of arbitration holding both that substantively, defendant's grievance was not arbitrable because it did not arise out of the application, meaning, or interpretation of the agreement, and that procedurally, defendant's failure to conform his demand for arbitration to the requirements of paragraph 7(a) rendered the grievance unarbitrable. The defendant has appealed from this judgment staying arbitration.

In the Pawtucket case, the grievance involved a promotional dispute over the appointment of a new head of the science department at West Senior High School in Pawtucket. A teacher whose application for the position was rejected claimed that the terms of the collective bargaining agreement between plaintiff Pawtucket Committee and defendant Pawtucket Teachers Alliance had not been complied with in selecting the department head. The procedure established in the agreement was followed by defendant in urging the complaining teacher's grievance before the Superintendant of Schools for Pawtucket. Ultimately on March 3, 1976, plaintiff rejected defendant's appeal from an adverse decision by the superintendent.

Pursuant to article VI, section 3 of the agreement, defendant then allegedly filed a notice of intent to submit the grievance to arbitration by filing a single copy of a letter dated March 11, 1976 with the AAA. Additional copies were sent to plaintiff. Exactly when the Labor Tribunal Administrator of the AAA received this notice of intent to arbitrate is not clear. A new administrator had been installed in March 1976, apparently after her predecessor had received the

letter. The new administrator returned the March 11 letter to defendant unanswered, together with a form entitled "Demand for Arbitration." The defendant then completed the form, antedated it March 11, 1976, and forwarded it to the AAA on March 30, 1976, together with a letter bearing that letter date. Copies were sent to plaintiff. The AAA received the completed demand form and accompanying letter on April 5, 1976.

The AAA notified the parties that the grievance would proceed to arbitration. The plaintiff then sought to enjoin arbitration by filing a motion for temporary and permanent relief in the Superior Court. The plaintiff alleged that defendant's request for arbitration after the March 3, 1976 decision of plaintiff was not filed with the AAA until April 5, 1976, when the demand form was received by the AAA, and that the dispute was therefore unarbitrable because article VI, section 3 of the agreement requires that notice of intention to submit a dispute to arbitration must be forwarded to the AAA within 10 days of the final decision of the school committee. The plaintiff further alleged that defendant had not complied with the rules of the AAA, which are expressly incorporated into the agreement, because they did not file with the AAA three copies of their intent to arbitrate, as is required by rule 7(b). A temporary restraining order was issued. On July 9, 1976, after a hearing on the motion for permanent relief, the trial justice entered a judgment for plaintiff permanently enjoining arbitration because defendant had not complied with the aforementioned procedures, which the trial justice characterized as conditions precedent to, and limitations upon, the exercise of the jurisdiction of the arbitrator. The defendant teachers association of Pawtucket has appealed from this judgment.

I

Before addressing the common issue of procedural arbitrability, we must first consider the finding of the trial justice in the South Kingston case that the dispute in that case was

not a proper subject for arbitration under the terms of the agreement.

Arbitration is a contractual matter agreed upon by the parties in their collective bargaining contract. Resolution of the issues of whether a party must submit to arbitration and which issues it must arbitrate under the terms of the contract are properly within the jurisdiction of a court. *John Wiley & Sons* v. *Livingston*, 376 U.S. 543, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964). In determining the arbitrability of a dispute, however, the Supreme Court, in the famous Steelworkers' Trilogy, has held that a court shall rule in favor of submitting the dispute to arbitration unless the arbitration clause of the collective bargaining agreement cannot be interpreted to include the asserted dispute, and that all doubts should be resolved in favor of arbitration. *United Steelworkers of America* v. *Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960); *United Steelworkers of America* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960); *United Steelworkers of America* v. *American Manufacturing Co.*, 363 U.S. 564, 80 S. Ct. 1343, 4 L. Ed. 2d 1403 (1960). The trilogy cautions, however, that this power vested in the courts to decide whether the subject of the dispute is arbitrable within the agreement to arbitrate does not encompass judicial resolution of the merits of the dispute.

We must look to the contract to determine which questions the parties have agreed to submit to arbitration. In the South Kingstown dispute, article XV, section C(5)(b) of the contract called for arbitration of disputes arising out of contractual application, meaning or interpretation; articles I and VI of the contract concern teaching hours and teaching load, which form the basis of defendant's grievance. In fact, in rendering its decision, plaintiff specifically mentioned those provisions as applying to the dispute. The matter of work hours is a term of the contract, and as such, disputes involving application of that term are made arbitrable by the

"arising out of contractual application, meaning, or interpretation" language of the contract. The ruling of the trial justice went to the merits of the dispute — it expressed a conclusion that the grievance was not *valid* under the terms of the contract, not simply that the grievance did not *arise from* the terms of the contract. A dispute involving the alleged addition of work hours to a teacher's day would necessitate interpretation of articles I and VI of the contract and is thus arbitrable under article XV, section C(5)(b). The trial justice erred in deciding to the contrary.

## II

We can decide the merits of defendants' claims concerning the power of a court to bar arbitration for a procedural defect in the application for arbitration without addressing the particular defects in each case.

In *John Wiley & Sons* v. *Livingston,* 376 U.S. 543, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964), the Supreme Court addressed a similar issue of procedural arbitrability.[2] Fearing delays in the arbitration process that would result if procedural issues were left to the court in cases where substantive arbitrability was clear, the Court concluded that "it best accords with the usual purposes of an arbitration clause and with the policy behind federal labor law to regard procedural disagreements not as separate disputes but as aspects of the dispute which called the grievance procedures into play," *id.* at 559, 84 S. Ct. at 919, 11 L. Ed. 2d at 909-10,[3] and left resolution of such procedural disputes to the arbitrator once the determination is made that the parties are obligated to submit to arbitration.

---

[2]The procedural objection to arbitration in *John Wiley & Sons* v. *Livingston* is similar to the objections raised in these consolidated cases. Wiley argued that he had no duty to submit to arbitration under step 3 of the applicable grievance procedure because the party demanding arbitration had not followed the first two steps of that procedure.

[3]In *Belanger* v. *Matteson,* 115 R.I. 332, 346 A.2d 124 (1975), we ruled that federal labor law was a useful analogue to employ in resolving disputes that arise under our statutes and case law.

To avoid the delays in labor dispute resolution envisioned in *Wiley*, and to assume the speedy determination of the merits of grievances, we believe that once substantive arbitrability is established, issues of procedural arbitrability should be left to the arbitrator. Therefore, consistent with our holding above that the dispute in South Kingstown was substantively arbitrable and with the undisputed fact that the grievance in Pawtucket was substantively arbitrable, and consistent with the *Wiley* rule, we conclude that the trial justice in each of these cases erred in determining the procedural arbitrability of the disputes.

The appeals are sustained, the judgments appealed from staying arbitration are reversed, and the cases are remanded to the Superior Court with directions to enter judgments in accordance with this opinion.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh* (for School Committee of the City of Pawtucket), *David J. Kehoe* (for School Committee of the Town of South Kingstown), plaintiffs.

*Abedon, Stanzler, Biener, Skolnik & Lipsey, Richard A. Skolnik, Lynette Labinger* (for Pawtucket Teachers Alliance AFT Local 930 and Martin M. Schwartz) *Natale L. Urso, Barry N. Capalbo* (for South Kingstown Teachers Association), defendants.