404 A.2d 500.

BRIAN BURNS *et al. vs.* KATHLEEN SEGERSON *et al.*

AUGUST 1, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.   Kathleen Segerson, president of the Newport Teachers' Association (the union), and Thomas P. Foley, Jr. (Foley), plaintiff in intervention, are appealing from a Superior Court judgment that vacated an arbitration award granted under the terms of the collective bargaining agreement (the agreement) between the union and the

School Committee of the City of Newport (the school committee).

This dispute arose as a result of a notice posted on May 8, 1975 by the Newport School Department pursuant to Article X, A.1 and A.2 of the agreement, which provide the circumstances and time frame for posting vacancy notices. The notice indicated that a vacancy existed in the position of department head of the Business Education Department at Rogers High School in Newport, Rhode Island. Four applicants responded to the notice: George Ruggeiro (Ruggeiro), Charles Gray (Gray), Foley and Raymond A. Ferris (Ferris). All four applicants appeared before a screening committee, which, after reviewing the applicants, unanimously recommended Foley as its first choice and Gray as its second choice. The school committee thereafter appointed Foley to fill the vacancy.

Ferris, who objected to this appointment, filed a grievance pursuant to Article III of the agreement, which describes the four levels of the grievance procedure.[1] Ferris appeared at the first and second levels, where the decision of the screening committee was sustained. Ferris then invoked a hearing at level 3, but failed to pursue his remedy at that level. Despite the fact that no decision was rendered at level 3, the union, as Ferris' representative, filed a grievance at level 4. The parties then submitted to arbitration the following issue:

> "Did the School Committee violate Article III, A; Article X; and other pertinent Articles of the *Contract* by not appointing Raymond A. Ferris to the position of Head of the Business Education Department at Rogers High School? If so, what shall the remedy be?"

---

[1] Pursuant to Article III of the agreement, the grievance procedure consists of the following four levels: at level 1, teachers discuss their grievances with the principal or with their immediate supervisor; at level 2, the unsatisfied grievant files the grievance with the chairman of the Association's Committee on Professional Rights and Responsibilities (the chairman), who refers it to the Superintendent of Schools; at level 3, the aggrieved person files with the chairman, who refers the grievance to the school committee; at level 4, the chairman submits the grievance to arbitration.

At the arbitration hearing the arbitrator decided to allow Foley to appear as a party in interest. None of the parties objected to this decision. Foley thus had the right to present evidence and witnesses, to cross-examine opposing witnesses and to present a summation argument.

Before the arbitrator, the union, on behalf of Ferris, contended that in appointing Foley to fill the vacancy, the school committee violated Article X, A.1 and A.3 of the agreement. These provisions delineate the procedure to be followed for promoting teachers. A.1 provides that vacancies in promotional positions and newly created positions should be adequately publicized by posted notices describing the position, the qualifications desired of each candidate, the salary, duties, etc. A.3 explains that vacancies should be filled on the basis of the applicants' qualifications for the post, "provided, however, that where two or more applicants are equally qualified, seniority in the Newport School System shall control." The union claimed that pursuant to the agreement, Ferris' qualifications are at least equal, if not superior, to those possessed by Foley and that because Ferris has more seniority than Foley, Ferris should have been appointed as department head of the Business Education Department.

After reviewing the evidence presented by the parties, the arbitrator found that Ferris was at least as qualified as Foley on the basis of the criteria contained in the vacancy posting and ruled that the seniority clause in the agreement must therefore prevail. For these reasons, the arbitrator issued the following award:

> "The School Committee violated Article X, Section A.3., *Contract*, by not appointing Mr. Raymond A. Ferris *to the position of* Head, Business Education Department, Rogers High School. Mr. Ferris shall be forthwith appointed to that position and shall be paid the increment for the same from September 1, 1975."

After the award of the arbitrator, the school committee filed a motion in the Superior Court to vacate the arbitrator's

award pursuant to G.L. 1956 (1968 Reenactment) §28-9-18.[2] Shortly thereafter the union filed a motion to confirm the award pursuant to §28-9-17.[3] Meanwhile, the Superior Court granted Foley's motion to intervene as a party plaintiff, which he had filed pursuant to Super. R. Civ. P. 24(b).[4]

The trial justice denied the union's motion to affirm the award, reasoning that "the rights of the various parties involved, including due process and contractual rights of

---

[2]General Laws 1956 (1968 Reenactment) §28-9-18 reads as follows:

"Grounds for vacating award. — In any of the following cases, the court must make an order vacating the award, upon the application of any party to the controversy which was arbitrated.

(a) When the award was procured by fraud.

(b) Where the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final and definite award upon the subject matter submitted was not made.

(c) If there was no valid submission or contract, and the objection has been raised under the conditions set forth in §28-9-13."

[3]General Laws 1956 (1968 Reenactment) §28-9-17 reads as follows:

"Order confirming award. — At any time within one (1) year after the award is made, as prescribed in §28-9-16, any party to the controversy which was arbitrated may apply to the court having jurisdiction as provided in §28-9-14 for an order confirming the award; and thereupon the court must grant such an order unless the award is vacated, modified or corrected, as prescribed in § §28-9-18 and 28-9-19 or unless the award is unenforceable under the provisions of §28-9-13. Notice of the motion must be served upon the adverse party or his attorneys, as prescribed by law for service of notice of a motion upon an attorney in an action in the same court."

[4]Superior Court Rule of Civil Procedure 24(b) reads as follows:

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency, upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

some of the candidates, have been overlooked or violated * * *." The trial justice therefore vacated the award of the arbitrator and, in a supplemental decision, adjudged that the matter of selecting a candidate be reinstituted at the moment of posting the vacancy.

Both the union and the intervenor, Foley, have appealed to this court. Foley, citing *Belanger* v. *Matteson,* 115 R.I. 332, 346 A.2d 124 (1975), contends that he was deprived of notice and fair representation at level 4, the critical stage of the grievance procedure both because the union, Ferris and the school committee submitted the matter to arbitration without his knowledge and because he was not considered by the union and the school committee when an arbitrator was selected. He also claims that the union and Ferris overlooked the provisions in the agreement by failing to appear at level 3 of the grievance procedure.

The union asserts that the arbitrator's award is valid under the law stated in *Belanger*, and that the trial justice erred in vacating the award because his judgment was not grounded upon any of the statutory grounds delineated in §28-9-18 and because the party moving to vacate the award participated in the proceedings before the arbitrator. *See* §28-9-18(c), note 2 *supra*. Finally, the union contends that the remedy provided by the trial justice—namely, remanding the matter to the school committee—is beyond his jurisdiction, as stated in §28-9-19.[5] Under §28-9-19, when a trial justice vacates an arbitration award, he or she may only direct a rehearing before the same or a different arbitrator.

---

[5]General Laws 1956 (1968 Reenactment) §28-9-19 reads as follows:

"Rehearing after vacation of award. — Where an award is vacated, the court, in its discretion may direct a rehearing either before the same arbitrator or arbitrators or before a new arbitrator or arbitrators to be chosen in the manner provided in the submission or contract for the selection of the original arbitrator or arbitrators or as provided for in §28-9-7, and any provision limiting the time in which the arbitrator or arbitrators may make a decision shall be deemed applicable to the new arbitration and to commence from the date of the court's order."

In support of the judgment of the trial justice, the school committee argues that the arbitrator's award was not in line with the *Belanger* case because the arbitrator ignored the rights of Gray and Ruggeiro by considering solely the relative merits of Foley and Ferris.

## I

The issues that have been raised and presented before this court are controlled by *Belanger*. We can resolve Foley's first argument, that the union and the school committee breached their duty of fair representation by not informing him that the matter was submitted to arbitration and by not telling him when the arbitrator was chosen, by referring to the *Belanger* case. In *Belanger*, we noted that "a union must make an honest effort to serve the interest of all of its members, without hostility to any, and its power must be exercised in complete good faith and with honesty of purpose." *Belanger* v. *Matteson*, 115 R.I. at 341, 346 A.2d at 130-31. It is not necessary, however, that the union refrain from taking a stance in situations in which its members disagree. *Id.* at 339, 346 A.2d at 130. Yet the union must nonarbitrarily and in good faith choose the side it desires to represent. *Id.* at 343, 346 A.2d at 132. And the choice must be based on the relative merits of the controversy after they have been presented to the union by the contestants. *Id.* at 343-44, 346 A.2d at 132.

In this case, there is no evidence that the union considered the merits of Foley's application to fill the vacancy. Therefore, the union breached one of the components of its duty of fair representation as mandated by *Belanger*. Although the union did not fulfill its duty to represent the interests of one of its members fairly, we will not vacate an arbitration award when each interested party has enjoyed the opportunity to be heard and the arbitrator has considered all of the relevant information in reaching his decision. 115 R.I. at 347, 346 A.2d at 133-34. Foley was given the opportunity to present his case and to argue the issue that was presented for arbitration. Because Foley has demonstrated no

evidence of impropriety at the arbitration hearing, we hold that his contention is unsupported by the record and is therefore without merit.

## II

Foley additionally argues that the trial justice correctly vacated the award because the union and Ferris failed to comply with the procedural requirements at level 3 as set out in the agreement. However, we have held that "* * * once substantive arbitrability is established, issues of procedural arbitrability should be left to the arbitrator." *See School Committee* v. *Pawtucket Teachers Alliance*, 120 .R.I.. 810, 814, 390 A.2d 386, 390 (1978). Therefore, the trial justice erred in considering the fact that the union had failed to proceed through level 3 of the grievance procedure as a reason to vacate the arbitrator's award. Moreover, §28-9-18, which enumerates viable grounds for vacating awards, does not include the existence of procedural defects as a basis for overturning awards. For these reasons, Foley's second contention is groundless.

We further note that the trial justice erred in allowing Foley to assert that the matter was improperly submitted to arbitration. Foley was foreclosed from raising this issue as a result of the provisions in §§28-9-13(a)[6] and 28-9-18(c).[7]

---

[6]General Laws 1956 (1968 Reenactment) §28-9-13(a) reads as follows:

"Validity of arbitration without judicial order. — Grounds for attack. — An award shall be valid and enforceable according to its terms and under the provisions of this chapter, without previous adjudication of the existence of a submission or contract to arbitrate, subject, nevertheless, to the provisions of this section:

(a) A party who has participated in any of the proceedings before the arbitrator or arbitrators may object to the confirmation of the award only on one or more of the grounds hereinafter specified (provided that he did not continue with the arbitration with notice of the facts or defects upon which his objection is based) because of a failure to comply with §28-9-8 or with §28-9-10 or because of the improper manner of the selection of the arbitrators."

[7]For the text of §28-9-18(c), see note 2 *supra*.

Section 28-9-13(a) disallows a party from attacking the validity of arbitration proceedings if that party has participated in any of the proceedings before the arbitration panel with notice of the facts or defects upon which his objection is based. Section 28-9-18(c) permits a party to object to an invalid submission to arbitration only if that party has complied with §28-9-13. Foley participated in the arbitration hearing with notice of the facts that Ferris did not appear at the level 3 hearing, that the matter was submitted to arbitration without Foley's knowledge and that Foley had had no input in selecting an arbitrator.

## III

We now reach the contentions of the union and the school committee simultaneously. The union claims that the trial justice erred in vacating the arbitrator's award because he did so for reasons other than those stated in §28-9-18. The school committee, in contrast, asserts that the trial justice correctly overturned the arbitrator's award because the arbitrator neglected to consider the merits of all four applicants.

As we noted above, §28-9-18 limits the jurisdiction of the Superior Court to vacate an arbitrator's award. An examination of the trial justice's decision reveals that he did not base his conclusion upon any of the grounds enumerated in §28-9-18. Instead, he decided that the due process and contractual rights of the parties had been violated or overlooked. We have held, however, that "[a]bsent a manifest disregard of the contractual provisions, or a completely irrational result, the courts have no authority to vacate the arbitrator's award." *See Jacinto* v. *Egan,* 120 R.I. 907, 914, 391 A.2d 1173, 1176 (1978), *citing Belanger* v. *Matteson,* 115 R.I. at 356, 346 A.2d at 138. In this case, the arbitrator's award "drew its essence" from the contract and was based upon a "passably plausible" interpretation of the contract. *See Jacinto* v. *Egan,* 120 R.I. at 912, 391 A.2d at 1176.

For the reasons stated above, the union's appeal is sustained, Foley's appeal is denied and dismissed, the judgment appealed from is reversed and the matter is remanded to the Superior Court for proceedings consistent with this opinion.

*Manning, West, Santaniello & Pari, V. James Santaniello,* Providence, *Thomas T. Brady,* Tiverton, for plaintiffs.

*Natale L. Urso, Thomas J. Liguori,* Westerly, for defendants.