412 A.2d 1131.

JOSEPH ROMANO, *et al. vs.* SALVATORE MANCINI, *et al.*

MARCH 10, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Weisberger and Murray, JJ.

PER CURIAM.    This case comes before us on a show-cause order directing the plaintiff to show cause why his appeal and petition for writ of certiorari should not be dismissed on the grounds that the plaintiff has an adequate remedy at law.

The Providence County Superior Court dismissed for lack of jurisdiction plaintiff's complaint against the Public Safety Director and the Chief of Police of the Town of North Providence in which he sought a temporary and a permanent injunction, a restraining order, reinstatement, and back pay to forestall his dismissal from the North Providence police force. Citing the grievance procedure contained in the collective bargaining contract between plaintiff's representatives, the North Providence Chapter of the Fraternal Order of Police, and the town as "an adequate remedy at law," the

Superior Court declined to invoke equity jurisdiction.

The plaintiff on the day the Superior Court judgment was entered filed an appeal in this court; four and one half months later he petitioned this court for a writ of certiorari. We granted the writ without prejudice to the respondents to question the providence of our grant and directed the parties to brief the issue of the proper way to seek review in this case. *Romano* v. *Mancini*, 120 R.I. 941, 397 A.2d 530 (1979).

Although plaintiff has ignored our request to brief the latter issue,[1] he implores this court to reverse the Superior Court judgment. He claims that he is without legal remedy because the town has unilaterally determined that as a probationary member of the police force he was not entitled to a dismissal hearing and because the Superior Court has refused to resolve the question of his status. The pivotal issue in plaintiff's case is whether he is a probationary or a permanent member of the North Providence police force.

Without burdening this opinion with a discussion of the law and circumstances implicated · in the question of plaintiff's status, we conclude that plaintiff may litigate this question, which involves a matter of contract interpretation, through the grievance procedures outlined in sections 16 and 17 of the collective bargaining contract. When parties have bargained for and agreed upon a mechanism for resolving contract disputes, they have no recourse but to pursue the remedy for which they contracted. *Jacinto* v. *Egan*, 120 R.I. 907, 911, 391 A.2d 1173, 1175 (1978); *School Committee* v. *Pawtucket Teachers' Alliance, AFT Local 9301*, 120 R.I. 810, 815, 390 A.2d 386, 389 (1978); *Barrington School Committee* v. *Rhode Island State Labor Relations Board*, 120 R.I. 470, 479, 388 A.2d 1369, 1375

---

[1]Because of the posture we take in this case -- upholding the Superior Court's dismissal for lack of jurisdiction -- we shall not belabor the point of what avenue of review plaintiff should have followed; the result in either instance would have been the same. However, we do not by this action in any way mean to intimate that the procedural rules governing review in this court may be ignored. We emphasize that our decision in this case in no way diminishes the force and effect of those rules.

(1978); *Cranston Teachers Assoc.* v. *Cranston School Committee,* 120 R.I. 105, 109, 386 A.2d 176, 178 (1978); *Belanger* v. *Matteson,* 115 R.I. 332, 353-54, 346 A.2d 124, 138 (1975). If one of the parties refuses to submit to the agreed-upon procedure, the opposing party may sue for enforcement of the contract. *See, e.g.,* G.L. 1956 (1979 Reenactment) §28-8-1 to §28-8-3.

Therefore, the plaintiff was constrained under the agreement to seek relief or redress for alleged violations of the provisions of the agreement in the procedures provided by the contract.

We hold that the trial justice was correct in dismissing the plaintiff's complaint in view of the legal remedy available under the collective bargaining agreement.

The plaintiff's appeal is denied and dismissed, the writ improvidently granted is quashed, and the papers certified to us are ordered returned to the Superior Court with our decision endorsed thereon.

Mr. Justice Doris did not participate.

*Irving I. Zimmerman, Richard E. Kyte, Jr.,* for plaintiff.

*Louis Baruch Rubinstein, Robert S. Ciresi,* for defendants.