[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on the Town of Lincoln's (hereinafter referred to as "plaintiff") motion to stay arbitration. Plaintiff requests further relief in the form of a declaratory judgment regarding the arbitrability of the matter. Jurisdiction in this court for the latter relief is pursuant toR.I.G.L. 1956 (1985 Reenactment) § 9-30-1.
The facts of this case are as follows. On March 18, 1991, defendant, James Beardwood (hereinafter referred to as "Beardwood"), a former employee of plaintiff and a member of defendant, North America Public Service Employees Local Union 1033 (hereinafter referred to as "Local 1033"), filed a grievance alleging "improper and illegal termination" by plaintiff. Plaintiff disputes this grievance, and on March 22, 1991, informed defendants of its denial of the claim.
The plaintiff argues that, on April 6, 1990, Beardwood voluntarily resigned from his employment with plaintiff. Beardwood did not then return to work and, on April 20, 1990, plaintiff accepted Beardwood's resignation and confirmed its effectiveness with the defendants.
According to the collective bargaining agreement between the Town and Local 1033, a grievance must be presented to the Town within ten days of knowledge of it (Article XXIII, § 2, Step 1). The plaintiff argues that because defendants did not file a timely grievance, the matter is not arbitrable under the existing collective bargaining agreement.
Arbitration is a contractual matter agreed upon by the parties in their collective bargaining agreement. Resolution of the issues regarding whether a party must submit to arbitration and which issues it must arbitrate are properly within the jurisdiction of the court. School Committee of the City ofPawtucket v. Pawtucket Teachers Local 930, 120 R.I. 810,390 A.2d 386, 389 (1978). Thus, the issue before this court is whether the parties are bound to the arbitration process or whether defendants' failure to assert a grievance sooner extinguishes their right to arbitrate under the bargaining agreement. Further, this court can determine whether an arbitrable issue exists. The opposing parties are at odds as to how Beardwood's employment with the plaintiff ended. It appears from the record that defendants' failure to object to plaintiff's March 22, 1990 confirmation letter would hold defendants in violation of the "10 Day Rule" in Art. XXIII, § 2, Step 1 of the Agreement.
A stay will not be issued unless the party seeking the stay makes a "strong showing" that
 (1) it will prevail on the merits of its appeal; (2) it will suffer irreparable harm if the stay is not granted; (3) no substantial harm will come to other interested parties; and (4) a stay will not harm the public interest.
Narragansett Electric Company v. Harsch, 117 R.I. 940, 942 (M.P. No. 76-252) (1976); Vetter v. Morang, et al, 419 R.I. 849
(R.I. 1980). The basic elements required in the granting of a stay are similar to those elements essential to the granting of other injunctive relief. See R.I. Turnpike v. Bridge Authorityv. Cohen, 433 A.2d 179 (R.I. 1981), which notes that the issuing of an injunction involves ". . . balancing the equities, weighing the hardships to either side, and examining the practicability of imposing the desired relief". In addition, the complaining party must show that any legal remedy would be inadequate.
Defendants argue that the arbitrator, rather then the court, is the appropriate body to determine arbitrable issues. JohnWiley v. Sons v. Livingston, 376 U.S. 543, 845, 918 (1964). They further assert that the failure to respond within the ten day time frame was merely procedural, and that if the failing is procedural, then the substantive issues still to be determined should come before the arbitrator. Id. at 918. This court finds this argument unpersuasive. The failure of the defendants to respond to the town's confirmation letter is a substantive failure.
For the reasons set forth above, plaintiff's motion for a stay of the arbitration proceedings is hereby granted.