DECISION
The plaintiff (hereinafter referred to as the Town) in this matter has filed a verified complaint seeking a permanent stay of the defendants' attempt to arbitrate the instant matters. Plaintiff also seeks a declaratory judgment holding that the terminations of Paul Legault and Kenneth Lemme (hereinafter referred to as Legault and Lemme or Defendants) are not arbitrable under the West Warwick Home Rule Charter.
FACTS/TRAVEL
Under the West Warwick 1994 Home Rule Charter any town employee who was convicted of a felony charge was deemed to have vacated his position upon the exhaustion of all appeals. In November 1996, the voters of West Warwick amended the charter to specify that any town employee "who shall have been convicted of or entered a plea of guilty or nolo contendere to any felony charge . . . shall be deemed to have vacated his . . . employment" upon the exhaustion of all appeals. In May 1996, Lemme and Legault were charged with felony embezzlement. On January 31, 1997, Lemme and Legault were convicted of felony embezzlement after pleading nolo contendere. Legault was convicted for embezzling money from the Firefighters Relief Association, while Lemme was convicted for embezzling money from the Firefighters Union. On February 5, 1997, the Chief of the Fire Department issued a notice of pretermination hearing to Lemme and Legault as a consequence of Legault's conviction for felony embezzlement. On February 14, 1997, the Town conducted a pretermination hearing in which the Firefighter Chief recommended that Lemme and Legault be terminated in their employment as firefighters. On February 20, 1997, the Town terminated Lemme and Legaults' employment with the Town. Thereafter Lemme and Legault filed grievances with the Town which were denied. Both subsequently filed requests for arbitration. Legault had been assigned an arbitration hearing date of November 25, 1997, while Lemme's arbitration had been scheduled for September 10, 1997. The Town seeks a permanent stay of the arbitration hearings and a declaration that Lemme and Legaults' terminations are nonarbitrable.
The Town argues that it has a statutory obligation under the Home Rule Charter sections 912 and 2209 to terminate Lemme and Legault because they were convicted of felonies. The Town argues that because it has statutory authority to terminate the Defendants in the instant matter, the terminations are not subject to arbitration. The responsibility not to employ convicted felons within the Town is a statutory power which cannot be bargained away, according to plaintiff.
Defendants argue that the application of the provisions of Home Rule Charter § 912 and 2209 against them violate the ex post facto clause of the Rhode Island and United States Constitutions. Defendants further argue that after they had been charged with felony embezzlement the Town changed the Home Rule Charter to prohibit employment for not only anyone who had been convicted of a felony but also persons who had pled guilty or nolo contendere. Defendants state that because the change in the Home Rule Charter occurred after they had already been charged, the Home Rule Charter provisions violate the ex post facto clause. The ex post facto clause prohibits infliction of punishment for an act done which, when it was committed, was innocent and prohibits infliction of greater punishment than was provided for the crime when it was committed. Defendants further argue that the disposition of a case under a plea of nolo contendere does not constitute "conviction" and therefore the older 1994 Home Rule Charter provisions do not apply against them.
ANALYSIS
The 1994 and 1996 Home Rule Charters of the Town West Warwick prohibit employment with the Town for any person who has been convicted of a felony or pled guilty or nolo contendere to a felony. West Warwick Home Rule Charter § 912 and 2209.
A state agency or town may not bargain away statutory powers and responsibilities. See State of Rhode Island, Department ofMental Health, Retardation, and Hospitals v. Rhode Island Council94, A.F.S.C.M.E., AFL-CIO, 692 A.2d 318, 322 (R.I. 1997). General Assembly ratification of the West Warwick Home Rule Charter in P.L. 1994 ch. 364 validated Charter sections 912 and 2209 as Town statutory responsibilities. See Providence Teachers Union v.Providence School Board, 689 A.2d 384, 388 (R.I. 1996). An agreement may not conflict with a "special act." Power v. City ofProvidence, 582 A.2d 895, 898-900 (R.I. 1990). Neither party may delegate to arbitrators obligations which are prescribed by statute. Rhode Island Council 94, 692 A.2d at 324.
In the instant case, the termination of Lemme and Legault was a nonarbitrable matter because § 912 and 2209 of the West Warwick Home Rule Charter specifically required their termination. The General Assembly ratification of the Home Rule Charter in P.L. 1994 ch. 364 confirmed § 912 and 2209 as statutory responsibilities. The parties may not contract away statutory standards and responsibilities. See School Committee ofthe Town of Johnston v. The Johnston Federation of Teachers,652 A.2d 976, 977 (R.I. 1995). Both the 1994 and 1996 versions of Home Rule Charter § 912 and 2209 are substantially similar in putting the Defendants on notice that a felony conviction would result in termination of employment with the Town. This Court further notes that "[t]here is no basis . . . for the proposition that arbitration may be compelled pursuant to a general arbitration clause in an expired contract in the event, as here, that the dispute arose after expiration of the contract . . . ."Providence Teachers Union, 689 A.2d at 393. This proposition that the union may not compel arbitration holds true even where the parties have agreed to abide by the old collective bargaining agreement in the interim but the town council has not ratified the old collective bargaining agreement. Id. at 392. In the instant matter a similar situation exists where a collective bargaining agreement was not ratified by the Town Council and hence, the Defendants may not rely on any contractual provisions to compel arbitration.
Finally, the Defendants' arguments that the Home Rule Charter provisions violate the ex post facto clause are inapplicable to the instant case. Statutes which are civil in nature are not violative of the ex post facto clause. State v. Figueroa,639 A.2d 495, 499 (R.I. 1994). A critical element for a law to be considered in violation of the ex post facto clause is that the law "must disadvantage the offender affected by it." In reSkawinski, 538 A.2d 1006, 1009 (R.I. 1988).
The Home Rule Charter provisions in the instant case are not criminal statutes. Like certain immigration statutes on deportation, the Home Rule Charter provisions on termination only operate upon an employee who is convicted of a felony. The immigration laws are considered civil. See Figueroa, 639 A.2d at 499. Similarly, the Home Rule Charter provisions which interact with the criminal felony code in a similar manner, not unlike immigration deportation laws, must also be considered civil in nature.
Even if the Home Rule Charter provisions in the instant matter could be construed as criminal in nature, a violation of the ex post facto clause has not occurred against the Defendants. Defendants have not been disadvantaged by the amendments contained in the 1996 Home Rule Charter. Both the 1994 and 1996 versions refer to a "conviction" for a felony as the basis for termination of employment. "[A] plea of nolo contendere is the substantive equivalent of a guilty plea in Rhode Island."Figueroa, 639 A.2d at 498. A disposition where a defendant has pled nolo contendere and received probation is not considered a conviction only if the defendant completes his probationary period. See General Laws § 12-18-3(a). The inference is that there is a conviction until such time as the probation period is successfully finished. Because Lemme and Legault would have been terminated under either the 1994 or 1996 Home Rule Charter for their felony convictions, they have not been disadvantaged by the 1996 amendments and a violation of the ex post facto clause has not occurred.
This Court declares that the instant matters are nonarbitrable, as the Home Rule Charter § 912 and 2209 are nondelegable statutory authority on the eligibility of employment with the Town. There is no need for a stay, as Lemme and Legault may not arbitrate this matter.
Lastly, this Court notes that the Firefighters Union was not necessarily obligated to represent Lemme and Legault in these proceedings. "[A] union must make an honest effort to serve the interests of all its members . . . ." Belganer v. Matteson,115 R.I. 332, 341, 346 A.2d 124, 130-31 (1974). The union must choose its side in a nonarbitrary manner and make a good faith judgment on the merits of a claim. Burns v. Segerson, 122 R.I. 123, 129,404 A.2d 500 (1979).
In the instant case, the other members of the Union have a clear interest in safeguarding the monies of the Firefighters Relief Association and the Union's own money accounts. As a result, the Union could have rationally chosen not to represent the interests of Lemme and Legault in favor of the interests of the other members of the Union.