**Supreme Court**

No. 2020-21-Appeal.
(KM 16-747)

West Warwick Housing Authority      :

v.                                   :

RI Council 94, AFSCME, AFL-CIO.    :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

West Warwick Housing Authority      :

v.                          :

RI Council 94, AFSCME, AFL-CIO.    :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.**   The plaintiff, West Warwick Housing Authority (plaintiff or the housing authority), appeals from a Superior Court judgment in favor of the defendant, Rhode Island Council 94, AFSCME, AFL-CIO (defendant or the union), denying the plaintiff's motion to vacate an arbitration award, granting the defendant's motion to confirm the award, and awarding attorneys' fees to the defendant as the prevailing party.  On appeal, the plaintiff argues that the trial justice committed reversible error in denying its motion to vacate because, the plaintiff contends, the defendant failed to prove at arbitration that an enforceable agreement to arbitrate existed at the time of the termination that gave rise to the grievance at issue in this case.  Conversely, the union maintains that, because the trial justice correctly denied the plaintiff's motion to vacate, this Court

- 1 -

should deny the instant appeal and remand the matter to the Superior Court for determination of an award of attorneys' fees and costs to the defendant relating to this appeal.

For the reasons stated herein, we affirm the judgment of the Superior Court.

## Facts and Procedural History

The housing authority is a governmental agency that operates public housing for the Town of West Warwick. The union represents certain municipal employees employed by the housing authority.

On July 27, 2012, the housing authority and the union executed a collective bargaining agreement governing the terms of employment for certain housing authority employees (the CBA). The CBA's effective dates were July 24, 2012, through December 31, 2014. By the terms of Section 40.1 of the CBA, the CBA would automatically renew every year thereafter for a one-year term, unless either party provided written notice prior to 120 days before the CBA's expiration date of a desire to renegotiate the CBA. The CBA also contained a provision titled "Supplement" (the HUD ratification provision), which stated:

> "This agreement between the West Warwick Housing Authority and Rhode Island Council 94, AFSCME, AFL-CIO is conditional upon the approval of the U.S. Department of Housing and Urban Development. Should this contract not be approved by H.U.D., both parties will seek, in good faith, to have a determination in the appropriate forum."

On April 29, 2015, the housing authority suspended the employment of Deborah Tellier (the grievant) as a Senior Housing Specialist, and the grievant was ultimately terminated. The union grieved her termination pursuant to the relevant provisions of the CBA. After the parties failed to resolve the grievance, the union duly requested arbitration on June 30, 2015, pursuant to a provision of the CBA that mandated arbitration if timely requested.

Arbitration proceedings commenced on March 1, 2016. The parties submitted the CBA as a joint exhibit, but the housing authority challenged the substantive arbitrability of the grievance; according to the housing authority, the parties did not have a valid agreement to arbitrate. Specifically, the housing authority argued before the arbitrator that the CBA was invalid because it had not been ratified by the United States Department of Housing and Urban Development (HUD), pursuant to the HUD ratification provision of the CBA. The housing authority argued in the alternative that, assuming that a valid CBA between the parties had existed, it nevertheless expired before the union filed the grievance at issue in this case; therefore, the housing authority contended that the grievance was not substantively arbitrable due to the lack of a valid agreement by the parties to arbitrate. Importantly, there is no evidence in the record that the housing authority had, prior to the commencement of the arbitration, sought resolution of the issue of the existence of a valid agreement to arbitrate.

For its part, the union countered that there was no evidence in the record before the arbitrator that HUD was statutorily required to ratify the CBA. The union further argued that the housing authority had complied with the CBA both during the initial term of the contract and in the months after the last effective date of December 31, 2014. The union maintained that it had reasonably relied on the housing authority's prior compliance with the CBA in support of the union's belief that an enforceable contract indeed existed between the parties.

In his written award and decision, the arbitrator made the following findings. On the issue of substantive arbitrability, he found that the CBA did not expressly allocate to either party the obligation to submit the CBA to HUD. However, he found that the evidence demonstrated that it was the housing authority that had a financial and operational relationship with HUD, and conversely that there was no evidence that the union had a relationship with HUD. Consequently, the arbitrator found that it was the housing authority that was responsible for submitting the CBA to HUD for approval.

The arbitrator also found that the housing authority had acted as if the CBA was valid at least until May 26, 2015, when, in connection with this case, the housing authority notified the union of its repudiation of the grievance and arbitration provisions of the CBA. In finding that the union had relied on the housing authority's performance of its obligations under the CBA until that time, the

arbitrator acknowledged in particular that there was evidence that the housing authority had been paying contractually obligated salaries pursuant to the CBA.

The arbitrator further found that there was no evidence that either party had sought modification of the CBA pursuant to the renewal provisions in Section 40.1 and that, in fact, both parties had negotiated the renewal of the CBA after December 31, 2014, the expiration date for the contract's initial term, as provided in Section 40.1. The arbitrator inferred from this evidence that the housing authority had believed that the CBA was viable until at least May 26, 2015, when the housing authority repudiated the grievance and arbitration provisions in connection with the grievance at issue in this case.

As to the merits of the grievance, the arbitrator decided in the grievant's favor, determining that the housing authority did not have just cause to terminate her.

Thereafter, the housing authority filed a complaint in Kent County Superior Court seeking to vacate the arbitration award pursuant to G.L. 1956 § 28-9-18. Before the trial justice, the housing authority conceded that it had the responsibility to obtain HUD ratification of the CBA. However, the housing authority again maintained that the grievance was not substantively arbitrable because the CBA was invalid, and also argued that the arbitrator's decision was irrational and exceeded the arbitrator's authority. In response, the union moved to confirm the award.

After a hearing, the trial justice issued a written decision denying the housing authority's motion to vacate the arbitration award and granting the union's motion to confirm the award. First, the trial justice concluded that the CBA was valid and that therefore the grievance was substantively arbitrable. The trial justice also confirmed the arbitrator's award on the merits of the grievance. The trial justice then awarded attorneys' fees to the union, as the prevailing party, pursuant to § 28-9-18(c). The trial justice entered final judgment in favor of the union, and the housing authority timely appealed.

## Issues Presented

Before this Court, the housing authority argues that the trial justice committed reversible error in denying the motion to vacate the arbitration award pursuant to § 28-9-18. The housing authority does not challenge the trial justice's decision with respect to the merits of the arbitrator's award in favor of the grievant. Rather, the housing authority assigns multiple errors to the trial justice's determination that the CBA was an enforceable agreement and that the presumption of substantive arbitrability applied.

For its part, the union maintains that the record establishes that the parties had a valid agreement to arbitrate and that, thus, the grievance was substantively arbitrable. The union highlights the procedural travel of the dispute in support of its argument that the trial justice correctly denied the housing authority's motion to

- 6 -

vacate, granted the union's motion to confirm, and awarded attorneys' fees to the union as the prevailing party. The union asks us to affirm the judgment and remand the case to the Superior Court for the determination of an award of attorneys' fees and costs to the union for defending this matter on appeal before this Court.

**Standard of Review**

"Public policy favors the finality of arbitration awards, and such awards enjoy a presumption of validity." *State, Department of Corrections v. Rhode Island Brotherhood of Correctional Officers*, 64 A.3d 734, 739 (R.I. 2013) (quoting *Cumberland Teachers Association v. Cumberland School Committee*, 45 A.3d 1188, 1191 (R.I. 2012)); *see School Committee of City of Pawtucket v. Pawtucket Teachers Alliance AFT Local 930*, 120 R.I. 810, 815, 390 A.2d 386, 389 (1978); *see also AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986); *United Steelworkers of America v. Warrior and Gulf Navigation Company*, 363 U.S. 574, 582-83 (1960); *School Committee of Town of North Kingstown v. Crouch*, 808 A.2d 1074, 1078 (R.I. 2002). It is therefore "well settled that, in the typical case, the judiciary's role in the arbitration process is limited." *Providence Teachers' Union Local 958, AFT, AFL-CIO v. Hemond*, 227 A.3d 486, 490 (R.I. 2020) (quoting *Providence School Board v. Providence Teachers Union, Local 958, AFT, AFL-CIO*, 68 A.3d 505, 508 (R.I. 2013)).

"Generally, 'absent a manifest disregard of a contractual provision or a completely irrational result,' the award of an arbitrator will be upheld." *State (Department of Administration) v. Rhode Island Council 94, A.F.S.C.M.E., AFL-CIO, Local 2409*, 925 A.2d 939, 944 (R.I. 2007) (brackets omitted) (quoting *Providence Teachers Union v. Providence School Board*, 725 A.2d 282, 283 (R.I. 1999)). "A court therefore may not reconsider the merits of an award despite allegations that it rests upon errors of fact or on a misinterpretation of the contract." *Rhode Island Council 94, AFSCME, AFL-CIO v. State*, 714 A.2d 584, 588 (R.I. 1998).

However, this Court reviews *de novo* whether a dispute is arbitrable. *E.g.*, *State, Department of Corrections v. Rhode Island Brotherhood of Correctional Officers*, 866 A.2d 1241, 1247 (R.I. 2005). Any question about the meaning of a statute is also reviewed *de novo*. *E.g.*, *Olamuyiwa v. Zebra Atlantek, Inc.*, 45 A.3d 527, 533 (R.I. 2012).

**Analysis**

Section 28-9-18(a) provides the limited statutory grounds for vacating an arbitration award:

> "(1) When the award was procured by fraud.
>
> "(2) Where the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made.

> "(3) If there was no valid submission or contract, and the objection has been raised under the conditions set forth in § 28-9-13."

The housing authority does not allege that the arbitrator's award was procured by fraud, nor does it dispute the arbitrator's finding that the substance of the grievance is arbitrable according to the terms of the CBA. Rather, the housing authority asserts, as it did before both the arbitrator and the Superior Court, that the CBA was unenforceable at the time the union sought arbitration of the grievance because (1) HUD failed to ratify the CBA, or, alternatively, (2) the CBA expired prior to the grievant's termination in May 2015. Thus, the gravamen of the housing authority's arbitrability challenge is the assertion that the parties did not have a valid agreement to arbitrate the grievance.

As this Court explained in *Providence Teachers Union v. Providence School Committee*, 440 A.2d 124 (R.I. 1982), "[§] 28-9-18 requires the court to vacate arbitration awards * * * when the 'submission or contract' was not valid *and* an objection to the validity was *timely* made under § 28-9-13." *Providence Teachers Union*, 440 A.2d at 126 (emphasis added).

Section 28-9-13, titled "Validity of arbitration without judicial order—Grounds for attack," states, in pertinent part:

> "An award shall be valid and enforceable according to its terms and under the provisions of this chapter *without previous adjudication of the existence of a submission or*

*contract to arbitrate*, subject to the provisions of this section:

"(1) *A party who has participated in any of the proceedings before the arbitrator or arbitrators* may object to the confirmation of the award only on one or more of the grounds specified in this section, *provided that he or she did not continue with the arbitration with notice of the facts or defects on which his or her objection is based*, because of a failure to comply with § 28-9-8 or with § 28-9-10, or because of the improper manner of the selection of the arbitrators.

"(2) *A party who has not participated in any of the proceedings before the arbitrator or arbitrators* and who has not made or been served with an application to compel arbitration under § 28-9-5 *may also put in issue the making of the contract or submission* or the failure to comply with it, either by a motion for a stay of the arbitration or in opposition to the confirmation of the award. * * * The arbitration hearing shall be adjourned upon service of the notice pending the determination of the motion. *Where the opposing party, either on a motion for a stay or in opposition to the confirmation of an award, sets forth evidentiary facts raising a substantial issue as to the making of the contract or submission or the failure to comply with it, an immediate trial of the issue shall be had*. * * *." (Emphasis added.)

Section 28-9-13 establishes a presumption of validity of arbitration proceedings and the resulting awards, subject to certain limitations. In the absence of a prior adjudication of the existence of an agreement to arbitrate, § 28-9-13(1) authorizes a party who has participated in arbitration proceedings to raise the validity of the agreement and object to the award where (1) the arbitration was not conducted according to § 28-9-8, which prescribes requirements for providing a time and place

- 10 -

for the hearing, and notice thereof; (2) the arbitrator did not take the oath of arbitrators and the parties did not waive their objection pursuant to § 28-9-10; or (3) the arbitrator was improperly selected.

Significantly, however, § 28-9-13(1) curtails the ability of a party who *has* participated in arbitration proceedings to object to the award in circumstances where the party "continue[d] with the arbitration with notice of the facts or defects on which [the party's] objection is based[.]" *See Providence Teachers Union v. Providence School Board*, 689 A.2d 388, 391 (R.I. 1997) (examining § 28-9-13 and noting proviso that an objecting party "not continue with the arbitration with notice of the facts or defects upon which his or objection is based") (quoting § 28-9-13(1)).

By contrast, § 28-9-13(2) authorizes a party who *has not* participated in arbitration proceedings to challenge "the making of the contract" in circumstances where the party did not receive notice of a motion to compel arbitration pursuant to § 28-9-5 or otherwise submit to an adjudication of the existence of a contract to arbitrate. *See Providence Teachers Union*, 689 A.2d at 391 (examining § 28-9-13(2) and explaining that it bars a party that did not participate in arbitration proceedings from contesting the validity of an agreement to arbitrate only if that party received notice of the arbitration proceedings as enumerated under that subsection). A party who meets these criteria retains the ability to pursue adjudication of that challenge through "an immediate trial of the issue[.]" Section 28-9-13(2).

- 11 -

In the instant case, despite the housing authority's continued assertion that the parties' agreement to arbitrate was invalid, there is no evidence that the housing authority sought adjudication of the issue of the validity of the CBA, by way of a motion to stay arbitration proceedings, before participating in the arbitration proceedings. Nor is there evidence in the record that the housing authority declined to participate in the arbitration proceedings, which would have allowed the union to seek an order compelling such participation pursuant to § 28-9-5. *Cf. Operative Plasterers' and Cement Masons' International Association, Local 40 v. Contracting Plasterers of Rhode Island*, 619 A.2d 838, 839 (R.I. 1993) (reversing the trial justice's order compelling the defendants to participate in arbitration proceedings pursuant to a collective bargaining agreement because there was no agreement to arbitrate); *Prima Paint Corporation v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967) (reviewing the United States Arbitration Act of 1925 and explaining that an adjudication of the validity of an agreement to arbitrate occurs pursuant to a party's motion to compel arbitration and before arbitration proceedings); *Radiation Oncology Associates, Inc. v. Roger Williams Hospital*, 899 A.2d 511, 513, 514-16 (R.I. 2006) (affirming the trial justice's order denying the plaintiffs' motion to appoint an arbitrator pursuant to the Rhode Island Arbitration Act and granting the defendant's motion to enjoin arbitration where "strong and specific language of [the contract's] expiration provision limited the reach of * * * the arbitration clause").

- 12 -

Instead, the housing authority appeared before the arbitrator, offered the CBA as a joint exhibit, and submitted the question of substantive arbitrability for the arbitrator's consideration. One consequence of choosing this procedural path was to limit the grounds upon which the housing authority could rely when subsequently objecting to the validity of the CBA. *See* § 28-9-13(1) (limiting grounds for objection to confirmation of an arbitration award to the "failure to comply with § 28-9-8 or with § 28-9-10, or because of the improper manner of the selection of the arbitrators").

The housing authority seeks to divert attention from the consequence of this choice by focusing instead on principles of contract law and arguing that, because the union was the party seeking to enforce the CBA before the arbitrator, it was the union that had, and has, the burden of proving the existence of an enforceable contract.

However, the housing authority's reliance on principles of contract law is inapposite; the provisions of the arbitration statutes control this analysis. *See Hemond*, 227 A.3d at 490 (explaining that the provisions of chapter 9 of title 28 of the general laws govern judicial review of an arbitration provision contained in a contract between an employer and a labor union). *Compare Radiation Oncology Associates, Inc.*, 899 A.2d at 514 (stating, in the context of adjudicating the existence of an agreement to arbitrate, that general rules of contract construction apply to the

- 13 -

question of whether the parties agreed to arbitrate), *with* § 28-9-13 ("An award shall be valid and enforceable according to its terms and under the provisions of this chapter without previous adjudication of the existence of a submission or contract to arbitrate, subject to the provisions of this section[.]"). The language of § 28-9-13 plainly provides that the party objecting to the validity of an agreement to arbitrate bears the burden of "set[ting] forth evidentiary facts raising a substantial issue as to the making of the contract or submission or the failure to comply with it[.]" Section 28-9-13(2).

A party who seeks an order vacating an arbitration award on the grounds that the arbitrator exceeded their powers, pursuant to § 28-9-18(a)(2), also bears the burden of demonstrating entitlement to relief. *See Feibelman v. F.O., Inc.*, 604 A.2d 344, 345 (R.I. 1992) ("[W]hen a party claims that the arbitrators have exceeded their authority, the claimant bears the burden of proving this contention[.]") (quoting *Coventry Teachers' Alliance v. Coventry School Committee*, 417 A.2d 886, 888 (R.I. 1980)).

The housing authority has contested the validity of the agreement to arbitrate since March 1, 2016. Consequently, it was the housing authority that bore the burden of setting forth facts in support of its claim, either by developing a record before the arbitrator or by invoking the jurisdiction of the Superior Court and seeking adjudication of the validity of the agreement to arbitrate in a timely manner. *See*

- 14 -

§ 28-9-13(2). It did not do so, and that failure limited not only the grounds upon which the housing authority may rely in seeking judicial review, but also the record on review as this Court evaluates whether the Superior Court erred in denying the housing authority's motion to vacate the arbitration award. *See* § 28-9-13(1) (enumerating the three circumstances in which a party who has participated in arbitration may challenge the validity of an agreement to arbitrate); *Rhode Island Council 94, AFSCME, AFL-CIO*, 714 A.2d at 588 (stating that, when reviewing a decision on a motion to confirm or to vacate an arbitration award, this Court defers to the arbitrator's findings of fact). The housing authority may not now benefit from the absence of evidence that it created, particularly in light of the otherwise facial validity of the agreement to arbitrate.

Mindful that "it is the arbitrator's view of the facts and of the meaning of the contract that [the parties] have agreed to accept[,]" *Rhode Island Council 94, AFSCME, AFL-CIO*, 714 A.2d at 588 (quoting *United Paperworkers International Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987)), this Court accepts the arbitrator's findings and conclusions regarding the validity of the CBA, both with respect to which party had the obligation to secure ratification by HUD and whether the CBA had expired prior to the housing authority's termination of the grievant in May 2015.

- 15 -

A review of the proceedings before the arbitrator reveals that the housing authority joined the union in submitting the CBA as a joint exhibit at the arbitration proceedings; the housing authority thereafter presented no evidence regarding ratification by HUD or the effect of the HUD ratification provision in the absence of such ratification. Again, the arbitrator nevertheless found evidentiary support for the proposition that the housing authority was in contact with HUD and, thus, inferred that the housing authority was in the position to obtain ratification. The arbitrator further found that the evidence demonstrated that the housing authority acted as though the CBA was indeed valid; the housing authority complied with the CBA's terms and conditions at least until May 26, 2015, by paying contractually designated salaries to its employees pursuant to the CBA.

Moreover, the arbitrator also found that the CBA was effective during the events of the grievant's employment dispute because the CBA had automatically renewed for an additional year, until December 31, 2015, in accordance with the provisions of Section 40.1. The housing authority terminated the grievant in May 2015, and the union timely requested arbitration on June 30, 2015; the grievant's claim therefore arose well before the renewed expiration date of December 31, 2015.

Before both this Court and the trial justice, the housing authority argued that Section 40.1 of the CBA is an indefinite renewal clause that violates the three-year term limit established by G.L. 1956 § 28-9.4-5; however, the housing authority did

not raise this contention before the arbitrator and therefore it has waived that argument. *See Lemerise v. Commerce Insurance Company*, 137 A.3d 696, 704 (R.I. 2016) (holding that the defendant waived any argument concerning application of Massachusetts law because the question had not been submitted to the arbitrator).

Furthermore, we unequivocally reject the housing authority's attempt to introduce a letter that it characterizes as "indisputable evidence" that the union provided the 120-day written notice as required in Section 40.1 of the CBA, thus precluding automatic renewal. This Court is not a fact-finding body, and we review only the record that is certified pursuant to the Supreme Court Rules of Appellate Procedure. *See* Art. I, Rule 10 of the Supreme Court Rules ("Except as otherwise provided in subsection (c) [relating to proceedings pending in the Superior Court, Family Court, or District Court], the papers and exhibits filed in the trial court and the transcript of proceedings or electronic sound recordings thereof, if any, shall constitute the record on appeal in all cases."). Additionally, the housing authority did not seek, nor did we grant, leave to present new evidence on appeal. Therefore, the proffered letter is not properly before us, and we will not consider it in our analysis. *See* G.L. 1956 § 9-24-10 ("No new testimony shall be presented to the [S]upreme [C]ourt on appeal, but in case of accident or mistake, or erroneous ruling excluding evidence in the [S]uperior [C]ourt, the [S]upreme [C]ourt may grant leave

to parties to present further evidence, and may provide by general rule or special order for the taking of such evidence.").

Applying §§ 28-9-13 and 28-9-18(a) to the facts at hand, as we must, it is clear to us that the housing authority severely limited the arguments it could bring and impacted its burden of proof by first challenging the validity of the CBA at arbitration. Thus, from the evidence and contentions that the housing authority submitted to the trial justice, we, on the record before us, perceive no error in the trial justice's decision denying the housing authority's motion to vacate the arbitration award. Additionally, because we accept the arbitrator's findings that the parties had a valid agreement to arbitrate, we need not reach the housing authority's remaining arguments on appeal.

## Attorneys' Fees and Costs

The union requests that this Court remand the case for determination of the attorneys' fees and costs incurred in defending the housing authority's appeal before this Court, citing to § 28-9-18(c) and this Court's opinion in *Gannon v. City of Pawtucket*, 200 A.3d 1074 (R.I. 2019) (affirming a trial justice's award of attorneys' fees and costs pursuant to § 28-9-18(c)).

The union has not provided meaningful briefing before this Court on the applicability of § 28-9-18(c). We therefore decline to reach the issue. *See Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1131 n.1 (R.I. 2002)

("Simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.").

## Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court and remand the record to the Superior Court.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | West Warwick Housing Authority v. RI Council 94, AFSCME, AFL-CIO. |
| **Case Number** | No. 2020-21-Appeal. (KM 16-747) |
| **Date Opinion Filed** | July 1, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Timothy C. Cavazza, Esq. |
| | For Defendant: <br><br> Carly Beauvais Iafrate, Esq. |