David L. CARPENTER

v.

STATE.

No. 2000–339–C.A.

Supreme Court of Rhode Island.

May 9, 2002.

Christopher Gontarz, Middletown, for Plaintiff.

Aaron L. Weisman, Jane M. McSoley, Providence, for Defendant.

Present: LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The applicant, David L. Carpenter (applicant or Carpenter), appeals from a Su-

perior Court order denying his application for post-conviction relief (PCR). After a prebriefing conference, a single justice of this Court ordered the parties to show cause why we should not decide this case summarily. Because neither party has done so, we proceed to decide the appeal at this time.

 Pursuant to G.L.1956 § 10–9.1–9, "[a] final judgment entered in a[PCR] proceeding brought under this chapter shall be appealable to the [S]upreme [C]ourt in the same manner and subject to the same requirements as a final judgment in a civil action." Here, no final judgment entered after the order denying applicant's PCR application. Although this Court sometimes has accepted a premature appeal that has been filed before a final judgment has entered, *see, e.g., Russell v. Kalian,* 414 A.2d 462, 464 (R.I.1980), we lack jurisdiction to entertain an appeal in the absence of even the belated entry of a final judgment or a timely application for an extension of the time to appeal based on excusable neglect. *See, e.g., Figuereo v. Diaz,* 651 A.2d 1236, 1237 (R.I.1994) (holding that this Court lacked jurisdiction when appeal was filed twenty-one days after entry of judgment without any application for an excusable-neglect extension). Even if we were to construe the order denying the PCR application as a final judgment, applicant still failed to file a notice of appeal therefrom within twenty days of the entry of that order as required by law to perfect an appeal. *See* Art. I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure (requiring notice of appeal to be filed within twenty days of the judgment, order, or decree appealed from). Thus, we lack jurisdiction to entertain this case on appeal.

Nevertheless, Carpenter also requests us to consider his appeal as a petition for a writ of certiorari. We decline to do so because, for the reasons set forth below, such a petition would be meritless.

Previously, applicant pled *nolo contendere* to rape and kidnapping charges. He was sentenced to fifteen years for each charge, seven years to serve and eight years suspended with probation. The sentences were to run concurrent with each other, and also with another sentence that he was serving in the State of South Carolina. The probation term would commence upon his release from incarceration.

The applicant contends that he received ineffective assistance of counsel and did not make a knowing and intelligent waiver of his constitutional rights in pleading *nolo contendere* to the rape and kidnapping charges. The applicant also argues that the PCR hearing justice did not comply with the dictates of *Shatney v. State,* 755 A.2d 130 (R.I.2000) (per curiam) when the court considered his PCR application.

First, it appears to us that *Shatney* was inapplicable to this case. In *Shatney* the applicant had not been afforded a hearing either on his PCR application or on his counsel's "no-merit" conclusion concerning the application. *Shatney,* 755 A.2d at 136. Here, the court afforded Carpenter a hearing on his PCR application. Moreover, in reviewing the PCR transcript, there is no indication that applicant's counsel ever concluded that Carpenter's PCR application lacked merit; on the contrary, he vigorously advocated for the grant of Carpenter's PCR application. Finally, the *Shatney* holding was prospective; it does not apply to cases such as this one in which the PCR hearing occurred before we issued our opinion in *Shatney.*

 The applicant next argues that he did not make a knowing and intelligent waiver of his constitutional right to a jury trial when he entered his *nolo* plea. He contends that his attorney at the plea-

colloquy hearing provided ineffective assistance of counsel in failing to warn him about the collateral consequences (such as sentencing enhancements for future crimes) of pleading *nolo contendere* to the felony charges.

■ In reviewing a plea of *nolo contendere* "[r]ecord proof of an intelligent and understanding waiver of a defendant's [right is] required in order to protect the constitutional guarantees against compulsory self-incrimination, the right to a jury trial and the right to confront one's accusers." *Ouimette v. State*, 785 A.2d 1132, 1136 (R.I.2001) (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969)). A plea "will be vacated unless the record shows that the court has conducted an on-the-record examination of the defendant before accepting [the] plea [in order] to determine if the plea is being made voluntarily with an understanding of the nature of the charge and the consequence of the plea." *Id.* (quoting *Flint v. Sharkey*, 107 R.I. 530, 537, 268 A.2d 714, 719 (1970)).

Our review of the transcript of the PCR hearing, as well as the transcribed colloquy between the sentencing court and applicant before the court accepted his 1989 *nolo* plea, shows that the PCR hearing justice correctly concluded that applicant's constitutional rights were not compromised by the manner in which the sentencing court accepted the plea. In reviewing the transcript of the colloquy [1] between the sentencing justice and applicant, the PCR hearing justice found that applicant's attorney had filed an affidavit in connection with applicant's plea and that the sentencing justice properly "indicated to this [applicant] what rights he would be surrendering, his constitutional rights if he changed his plea, notwithstanding anything [his attorney] may have told the [applicant]." The sentencing justice asked applicant whether he understood his plea and the charges, and afforded him the opportunity to make a statement, which he declined to do. The state set out the facts that it would have proven if the case against applicant had proceeded to trial.

The PCR hearing justice, reviewing the 1989 plea, also reasoned that there is a "presumption that his then attorney, in addition to the affidavit and the colloquy between the [sentencing judge] and the [applicant] also described the rights that this [applicant] would be giving up." Recently in *Ouimette*, in accordance with the holdings of the United States Supreme Court, we held that "in collateral proceedings attacking the validity of a conviction used for purposes of sentence enhancement, the presumption of regularity attaches to a final judgment of conviction, notwithstanding the absence of a record." *Id.* at 1137 (citing *Parke v. Raley*, 506 U.S. 20, 29, 113 S.Ct. 517, 523, 121 L.Ed.2d 391, 404 (1992)). It was incumbent upon applicant to satisfy his evidentiary burden of proving that his plea was not entered willingly and knowingly. We are of the opinion that the PCR hearing justice did not err in finding otherwise, and that applicant failed to introduce any evidence that rebutted the presumption of validity for his criminal conviction.

■ "In reviewing a claim for ineffective assistance of counsel, [this Court has] stated that the benchmark issue is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Toole v.*

---

1. The Superior Court files and records in applicant's case could not be located. However, applicant's attorney produced a copy of the April 13, 1989 plea colloquy that occurred in the Newport County Superior Court.

*State*, 748 A.2d 806, 809 (R.I.2000) (per curiam) (quoting *Tarvis v. Moran*, 551 A.2d 699, 700 (R.I.1988)). The applicant must show that his counsel's deficient performance prejudiced him. *See State v. Figueroa*, 639 A.2d 495, 500 (R.I.1994). "Prejudice exists if there is a reasonable probability that, absent counsel's deficient performance, the result of the proceeding would have been different." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674, 693 (1984)). When a defendant has pled *nolo contendere*, he or she must demonstrate that, but for the attorney's errors, he or she would not have pled *nolo* and would have pressed for the matter to proceed to trial. *Id.* In addition, the defendant must demonstrate that his or her decision to plead *nolo* would have been different if he or she had been made aware of possible sentencing enhancements for future crimes as a consequence of the *nolo* plea. *Id.*

Even assuming that the applicant was not advised of the sentencing-enhancement consequences if he committed future crimes, the applicant did not assert or provide any evidence that this information would have dissuaded him from pleading *nolo contendere*. In addition, the federal sentencing enhancements in this case are collateral consequences to the *nolo* plea. *See Beagen v. State*, 705 A.2d 173, 175 (R.I.1998) (per curiam). Thus, the applicant did not have to be informed of these potential consequences before he entered his plea in the rape and kidnapping prosecutions. *Id.* Therefore, the applicant's claim for ineffective assistance of counsel lacked merit in any event.

For these reasons, we deny and dismiss the applicant's appeal, refuse to treat the appeal as a petition for a writ of certiorari, and affirm the Superior Court's order denying post-conviction relief.

Chief Justice WILLIAMS did not participate.