[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is an amended petition for post-conviction relief filed pro se by Arthur D'Amario III, pursuant to G.L. 1956 § 10-9.1-1(a) et seq.
On October 8, 1996, Mr. D'Amario pleaded nolo contendre to one felony count of obstruction of the judicial system, in violation of § 11-32-3
(No. P2/96-0548A), and one misdemeanor count of disorderly conduct, in violation of § 11-45-1 (No. P2/96-3450A). The Court, Goldberg, J.,
sentenced him to eighteen months imprisonment, suspended, and three years probation for the felony, and one year of probation for the misdemeanor.
Subsequently, Mr. D'Amario was charged in the United States District Court, District of Rhode Island, with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On February 22, 1999, the State of Rhode Island, based upon facts underlying the federal offense, presented Mr. D'Amario as a violator of his suspended sentence, pursuant to Super. R. Crim. P. 32(f). On March 10, 2000, the United States District Court, DiClerico, J., sentenced Mr. D'Amario to 18 months imprisonment (No. CR 99-24ML). On March 13, 2000, the Court, Clifton,J., without objection and pursuant to Rhode Island Evidence Rule 201(b), took "judicial notice" of Mr. D'Amario's federal conviction, and found Mr. D'Amario to be in violation of his suspended sentence previously imposed in P2/96-0548A and P2/96-3450A. Accordingly, the Court removed part of the suspended sentence, ordering Mr. D'Amario to serve an agreed upon term of 386 days, retroactive to February 22, 1999.
On March 9, 2001, Mr. D'Amario filed a petition for post-conviction relief with the Court, subsequently filing an amended petition on January 8, 2002. On May 17, 2002, Christopher Gontarz, Esq., Mr. D'Amario's appointed attorney filed a no merit memorandum and accompanying motion to withdraw, pursuant to procedures set forth by the Rhode Island Supreme Court in the case of Shatney v. State, 755 A.2d 130 (2000). On June 6, 2002, the Court, Fortunato, J., granted Mr. Gontarz's motion to withdraw.
This Court now reviews Mr. D'Amario's pro se petition for post-conviction relief. Mr. D'Amario requests his felony and misdemeanor convictions be vacated, his Rule 32(f) violation be vacated, and that a 1996 order concerning civil actions be vacated. In the event his misdemeanor conviction is not vacated, Mr. D'Amario alternatively seeks reduction of that sentence to six months probation. Mr. D'Amario maintains the relief he requests is warranted on four grounds. For the reasons set forth herein, this Court notices its intent to dismiss the petition.
 Standard
Post-conviction relief in this state is a statutory remedy governed by the provisions of G.L. 1956 §§ 10-9.1-1 to 10-9.1-9. "The remedy is available to persons convicted of crimes who claim, inter alia, that the conviction violated their constitutional rights or that newly discovered facts require vacation of the conviction in the interest of justice."Palmigiano v. State, 120 R.I. 402, 403, 387 A.2d 1382 (R.I. 1978). "§10-9.1-6(b) permits a trial justice to dismiss an application whenever, based upon the record, the application, and the answer, he finds that no genuine issue of material fact exists and the applicant is therefore not entitled to relief as a matter of law." Id.
Section 10-9.1-6 (b) provides that:
 "When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a genuine issue of material fact."
The standard to be used in making this determination is that relied upon by the court in ruling on motions in civil cases brought pursuant to Super. R. Civ. P. 12(b)(6). Palmigiano v. State, 120 R.I. at 405,387 A.2d at 1384. The sole function of a Rule 12(b)(6) motion is to challenge the sufficiency of a complaint. Goldstein v. Rhode IslandHosp. Trust Nat'l Bank, 110 R.I. 580, 585, 296 A.2d 112, 115 (1972). It ought not to be granted "unless it appears beyond a reasonable doubt that the plaintiff would not be entitled to any relief no matter what state of facts could be proved in support of his claim. In determining whether there is such a doubt as will warrant the termination of litigation in the pleading stage, we are bound to resolve all doubt in the plaintiff's favor and accept all his allegations as true." Id.
 Analysis
Before this Court can reach the merits of the various grounds for relief asserted by Mr. D'Amario, it must determine if any or all such claims are encompassed by § 10-9.1-1(a) et seq. See Palmigiano v. State,120 R.I. at 405, 387 A.2d at 1384. Describing to whom this remedy is available and under what conditions, § 10-9.1-1 provides:
 "(a) Any person who has been convicted of, or sentenced for, a crime, a violation of law, or a violation of probationary or deferred sentence status and who claims:
 (1) That the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of this state;
 (2) That the court was without jurisdiction to impose sentence;
 (3) That the sentence exceeds the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;
 (4) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
 (5) That his or her sentence has expired, his or her probation, parole, or conditional release unlawfully revoked, or he or she is otherwise unlawfully held in custody or other restraint; or
 (6) That the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy;
 may institute, without paying a filing fee, a proceeding under this chapter to secure relief."
The first ground asserted by Mr. D'Amario alleges his misdemeanor sentence of one year probation exceeds the maximum penalty pursuant to §11-45-1(c). Mr. Gontarz's memorandum to the Court represents this error was the subject of a Rule 35 motion correcting the sentence. Accordingly, the first ground is moot.
The second ground advanced by Mr. D'Amario alleges his court appointed attorney for the violation proceeding, Edward Roy, provided ineffective assistance of counsel. The scope of Mr. Roy's representation, however, primarily concerned Mr. D'Amario's federal prosecution in CR99-24ML. The substantive allegations advanced by Mr. D'Amario concerning Mr. Roy's representation, are therefore outside of the jurisdiction of this Court. Properly before this Court, then is the limited inquiry as to effectiveness of Mr. Roy's representation concerning the Rule 32(f) violation.
The third ground Mr. D'Amario raises addresses an order barring Mr. D'Amario from contact with the judicial system. This claim does not implicate a conviction or sentence, and therefore falls outside the scope of the post-conviction relief statute.
The fourth ground advanced by Mr. D'Amario alleges that then Judge Maureen McKenna Goldberg failed to conduct a constitutionally sufficient plea colloquy. Section 10-9.1-1(a) et seq. does encompass this claim.
 Ineffective Assistance of Counsel
In reviewing Mr. D'Amario's contention that he received ineffective assistance of counsel, this Court is mindful that "[a] violation hearing is not a prosecution but is civil in nature." State v. Pinney, 672 A.2d 870
(R.I. 1996). Furthermore, "[t]he process due for probation-revocation hearings is less formal than the full panoply of rights afforded at a criminal trial. State v. Desrosiers, 559 A.2d 641, 644 (R.I. 1989). However, this Court concludes that Mr. D'Amario's claim fails even when reviewed under the same scrutiny given to such a claim involving an independent criminal offense. Specifically, when reviewing a claim for ineffective assistance of counsel, "the benchmark issue is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Toole v. State, 748 A. 2d 806, 809 (R.I. 2000) (per curiam) (quoting Tarvis v. Moran, 551 A.2d 699, 700 (R.I. 1988)). "When a defendant has pled nolo contendre, he or she must demonstrate that, but for the attorney's errors, he or she would not have pled nolo and would have pressed for the matter to proceed to trial." Carpenter v. State,796 A.2d 1071, 1074 (R.I. 2002) "In addition, the defendant must demonstrate that his or her decision to plead nolo would have been different if he or she had been made aware of possible sentencing enhancements for future crimes as a consequence of the nolo plea." Id.
Mr. D'Amario's contention that his representation by Mr. Roy constituted ineffective assistance of counsel fails to satisfy either part of the two-prong analysis concerning claims of ineffective assistance of counsel set forth by the United States Supreme Court in Strickland v.Washington, 466 U.S. 669 (1984). Mr. D'Amario attempts to demonstrate Mr. Roy's deficiency, the first prong of Strickland, with a series of bare assertions, none specific to Mr. Roy's representation before this Court. Those assertions, even if accepted as true, are insufficient to prove the allegation that Mr. Roy's representation prejudiced Mr. D'Amario's defense, the second prong of the Strickland analysis. Accordingly, this Court concludes the second ground advanced by Mr. D'Amario is without merit.
 Plea Colloquy
Mr. D'Amario's fourth ground, challenging sufficiency of the October 8, 1996 plea colloquy is similarly unavailing. A plea of nolo contendre will be vacated only if the record shows that before accepting the plea, the court failed to conduct an on-the-record examination of the defendant to "determine if the plea is being made voluntarily with an understanding of the nature of the charge and the consequence of the plea." Carpenter,796 A.2d at 1073. Disputing the voluntary nature of his plea, Mr. D'Amario alleges he was seriously ill on October 8, 1996, and denied medical care while in custody. He maintains he was thus "forced to take a terrible deal" to gain access to his private physician. Mr. D'Amario supports this claim with nothing beyond this bare assertion. In the more than three years since filing the within petition, Mr. D'Amario has not provided this Court with a transcript of the plea colloquy. He does not offer any facts which might prove that his plea was indeed involuntary. Nor does Mr. D'Amario offer any fact to prove the inadequacy of then Judge Goldberg's plea colloquy. Accordingly, this Court concludes the fourth ground of Mr. D'Amario's petition is without merit.
 Conclusion
For the reasons set forth above, this Court notices its intent to dismiss Mr. D'Amario's petition for post-conviction relief pursuant to §10-9.1-6(b). Mr. D'Amario shall reply to the proposed dismissal before March 11, 2005.