STATE

v.

John BERGEVINE.

No. 2004–327–C.A.

Supreme Court of Rhode Island.

Oct. 20, 2005.

Paula Lynch, East Greenwich.

Aaron Weisman, Providence.

## ORDER

The issue presented in this case, although novel, can be disposed of rather simply. The defendant, John Bergevine, was found by the Superior Court to be a violator of the terms and conditions of his probationary status. On appeal, he argues that he was no longer on probation at the time of the offense that was found to constitute a violation of his probation. We are unable to accept the defendant's reasoning.

The defendant's basic contention is that the credit which he was awarded for time served resulted in a retroactive change of his sentencing date—thereby causing his probation period to commence before he was even sentenced. In essence, defendant is asking this Court to reach the counterintuitive conclusion that a person can be on probation prior to being convicted of a crime.

On April 25, 1994, defendant pled *nolo contendere* to a charge of kidnapping a minor and was sentenced by a justice of the Superior Court ("the first judge") to ten years suspended, with ten years probation. Less than six months later, defendant was arrested on charges of third degree sexual assault and contributing to the delinquency of a minor. As a result, defendant was found to be a violator of his probationary status at a hearing held on October 20, 1994 before a different justice of the Superior Court ("the second judge"); and he was ordered to serve five years of the suspended sentence which the first judge had imposed.

Then, while he was incarcerated, defendant obtained a judgment from the second judge awarding him credit for the time that he had served in community confinement from April 19, 1993 to January 25, 1994 while awaiting trial.

The defendant was subsequently arrested on charges of first and second degree child molestation sexual assault; the molestation allegedly occurred on January 7, 2004. The state, pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure, sought a declaration that defendant had once again violated the ten-year probationary period that had been imposed at his sentencing on April 25, 1994. The defendant moved to dismiss the Rule 32(f) violation, arguing that he was no longer on probation at the time of the alleged January 7, 2004 incident.

The defendant argued that because he had been awarded credit for time served, the sentence that he received on April 25, 1994 had, in effect, been made retroactive to December 4, 1993. Accordingly, following defendant's line of reasoning, his ten-year probationary period would have ended on December 4, 2003 and he would not have been on probation when the alleged January 7, 2004 incident occurred.

After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are in full agreement with the hearing justice that defendant's argument in this case defies common sense and is not legally viable. The notion of a defendant being on probation with respect to a criminal offense before being convict-

ed of the crime itself, quite apart from being illogical, is rife with practical problems. One such problem, as the hearing justice pointed out, is that the state technically could pursue a Rule 32(f) violation against a defendant before he or she was even sentenced to be on probation. It goes without saying that such an irrational scheme would be inconsistent with the fundamental underpinnings of a rational jurisprudential system.

Moreover, the defendant's argument also fails from a strictly legal standpoint. If the defendant's contention were true, then the second judge, by awarding the defendant credit for time served, would have effectively decreased the sentence of probation that was imposed by the first judge; but it is well settled under our case law that the second judge did not have the power to amend the defendant's sentence in such a way. *See, e.g., State v. Heath,* 659 A.2d 116, 117 (R.I.1995) ("[T]he trial justice at the violation hearing did not possess the statutory power to amend or decrease the sentence as originally imposed and was bound by the terms of that sentence."). In fact, the second judge had the power only to amend the five-year sentence that he ordered to be executed in October of 1994. Furthermore, this Court has stated that "[a] defendant is *placed* on probation * * * when a sentence is imposed." *State v. Dantzler,* 690 A.2d 338, 340 n. 1 (R.I.1997).

It is clear that the credit the defendant was awarded for time served did not make the probation sentence that he received retroactive. Instead, it merely reduced the amount of time that the defendant had remaining to serve on the five-year term of incarceration imposed on October 20, 1994.[1] In the memorable words of Justice William O. Douglas: "That seems to us to be the common sense of the matter; and common sense often makes good law." *Peak v. United States,* 353 U.S. 43, 46, 77 S.Ct. 613, 1 L.Ed.2d 631 (1957).

For these reasons, the appeal is denied and dismissed.

---

1. This conclusion is supported by G.L.1956 § 12–19–2(a), which states that "if the punishment to be imposed is imprisonment, the sentence or sentences imposed shall be reduced by the number of days spent in confinement while awaiting trial and while awaiting sentencing * * *." This provision, which addresses the situation of a defendant being awarded credit for time served, is absolutely silent about such credit applying towards a probationary sentence or rendering a defendant's sentencing date retroactive.