**Supreme Court**

No. 2012-174-Appeal.
(PM 06-4832)

Anthony Perkins                  :

v.                       :

State of Rhode Island.        :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Anthony Perkins       :

v.             :

State of Rhode Island.      :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.** Anthony Perkins's application for postconviction relief based on ineffective assistance of counsel was denied in the Superior Court, and he appealed to this Court, contending that the trial justice's decision was in error. This case came before the Supreme Court on October 2, 2013, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. We have considered the record and the written and oral submissions of the parties, conclude that cause has not been shown, and proceed to decide the appeal without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

On October 15, 1999, applicant, Anthony Perkins, entered a plea of nolo contendere to a charge of first-degree robbery and was sentenced to twenty years with nine years to serve and eleven years suspended, with probation. While he was on parole from that sentence, applicant was charged with second-degree child molestation. Of relevance to this appeal, the acts on

- 1 -

which the child-molestation charges were based occurred before applicant was convicted of robbery.

On July 25, 2003, applicant pleaded nolo contendere to two counts of second-degree child molestation. Under the terms of a plea agreement, he received a ten-year suspended sentence with ten years probation, both of which would run concurrently with his ongoing sentence on the robbery conviction. Perkins was also required to register as a sex offender and to undergo sex-offender treatment counseling as determined by the probation department.

On September 14, 2006, Perkins filed an application for postconviction relief. In that application, he alleged that the attorney who had represented him in the child-molestation case had provided him with ineffective assistance. The applicant alleged that his former attorney advised him that if he had not pleaded to the child-molestation charges, the state would have sought to revoke his probation stemming from the robbery conviction. He further alleged that his counsel told him that the state would then seek the revocation of his suspended sentence and that he would be incarcerated for eleven years, starting immediately. Perkins said that this advice was erroneous because he could not have been found to have violated the terms of his probation based on conduct that occurred before he was on probation. The erroneous advice, applicant claimed, denied him the effective assistance of counsel.

The same Superior Court justice who accepted applicant's nolo contendere plea to the child-molestation charges held a hearing on applicant's postconviction-relief application. In his decision denying the application, the trial justice said that applicant had presented no evidence that his former attorney gave him erroneous advice except for applicant's own "self-serving statements and allegations" and that, even if he had been provided with erroneous advice, applicant nonetheless had failed to demonstrate that the result of the earlier proceedings would

have been different. As a result, the trial justice denied the application, and Perkins timely appealed to this Court.

On appeal, applicant argues that he was denied the effective assistance of counsel because of his former attorney's guidance that, if he did not plead guilty to the child-molestation charges, then the state would have sought to revoke his probation. He also argues that the trial justice abused his discretion when he denied the application in the face of applicant's uncontroverted testimony during the postconviction-relief hearing.

## II

### Standard of Review

Postconviction relief is available pursuant to G.L. 1956 § 10-9.1-1(a)(1), which provides a remedy to a person who has been convicted of a crime and who demonstrates "[t]hat the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of this state[.]" See also Hazard v. State, 64 A.3d 749, 756 (R.I. 2013). An applicant for postconviction relief must prove by a preponderance of the evidence that the relief should be granted. Id.

On appeal, "this Court affords great deference to the hearing justice's findings of fact and will not disturb his or her ruling 'absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence.'" Hazard, 64 A.3d at 756 (quoting Higham v. State, 45 A.3d 1180, 1183 (R.I. 2012)). "When a postconviction relief decision involves 'questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights[,]' we review those issues de novo." Neufville v. State, 13 A.3d 607, 610 (R.I. 2011).

## Discussion

When we evaluate a postconviction-relief application based on an allegation of ineffective assistance of counsel, this Court employs the well-known standard articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Hazard, 64 A.3d at 756. Under that exacting standard, applicants must demonstrate both that "counsel's performance was deficient in that it fell below an objective standard of reasonableness" and that "such deficient performance was so prejudicial to the defense and the errors were so serious as to amount to a deprivation of the applicant's right to a fair trial." Id. (quoting Tassone v. State, 42 A.3d 1277, 1284-85 (R.I. 2012)).

The first prong of the Strickland analysis requires an applicant to show "that counsel's performance was deficient[, which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Neufville, 13 A.3d at 610 (quoting Powers v. State, 734 A.2d 508, 522 (R.I. 1999)). To overcome this obstacle, there must be a showing that "'counsel's advice was not within the range of competence demanded of attorneys in criminal cases * * *.'" Id. (quoting Rodrigues v. State, 985 A.2d 311, 315 (R.I. 2009)). There is, however, "a strong presumption that counsel's conduct falls within the permissible range of assistance." Id. (citing Hazard v. State, 968 A.2d 886, 892 (R.I. 2009)).

The Strickland test's second prong is satisfied by a showing of prejudice resulting from counsel's deficient performance. Hazard, 64 A.3d at 757. In this context, prejudice is defined as "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]'" id., which, in a plea context, means that the applicant

"'would not have pleaded guilty and would have insisted on going to trial' and, importantly, that the outcome of the trial would have been different." Neufville, 13 A.3d at 611 (quoting State v. Figueroa, 639 A.2d 495, 500 (R.I. 1994)). Notably, we have said that "when counsel has secured a shorter sentence than what the defendant could have received had he gone to trial, the [applicant] has an almost insurmountable burden to establish prejudice." Id. at 614 (citing Rodrigues, 985 A.3d at 317).

In Figueroa, 639 A.2d at 500, we considered the misrepresentations by counsel to a defendant who had pleaded nolo contendere. There, there was no question that the defendant had been given erroneous advice by his attorney: he was told that his nolo contendere plea was not a conviction under Rhode Island law and that the Spanish-language plea form was identical to the English-language form. Id. We held that "[a]lthough th[e] misrepresentations may have fallen below acceptable standards of attorney performance, [the applicant] did not satisfactorily prove that the outcome would have been different if he had proceeded to trial." Id. Because the applicant admitted that he committed the gun offense for which he was charged, we said that a trial likely would have resulted in a conviction and sentence of imprisonment. Id. at 500-01.

In the case presently before us, the trial justice determined that applicant had failed to demonstrate that he had received the advice that he claims was constitutionally deficient. In his decision, the trial justice recounted that applicant had failed to directly answer questions about whether he had been advised to lie during the plea colloquy and that he also had testified inconsistently about how much he and his attorney had discussed the potential plea. The trial justice also observed that applicant was attempting to persuade the trial justice that he had lied during the plea colloquy but that he was testifying truthfully at the postconviction-relief hearing. Because the trial justice determined that applicant had failed to submit "a scintilla of evidence"

beyond his own "self-serving statements and allegations," and because those statements and allegations had failed to persuade him, the trial justice denied the application.[1]

Although applicant argues to this Court that the advice that probation could be revoked based on conduct that predated the probation would amount to a legal impossibility, and therefore was clearly deficient, he is unable to articulate why we should reject the trial justice's finding that applicant did not receive that advice from his attorney. See Pelletier v. Laureanno, 46 A.3d 28, 39 (R.I. 2012) (viewing with deference a trial justice's decision to reject uncontroverted testimony of a party to the litigation and interested witness because he found that it was "not credible," "self-serving," and "biased"). Indeed, the trial justice concluded that the advice would have been erroneous if it had been given, but he also found that applicant had failed to satisfy his burden that the advice was in fact given.[2] We cannot say that the trial justice was clearly wrong or that he overlooked or misconceived material evidence when he found that applicant failed to satisfy his burden. See Hazard, 64 A.3d at 756.

We are also of the opinion that, even if he had somehow been able to satisfy the first prong of the Strickland analysis, applicant has failed to show that prejudice resulted from any erroneous advice that he may have received. See Neufville, 13 A.3d at 610-11, 614. Other than his own conclusion that he would have been acquitted, Perkins failed to provide any reason why the outcome of a trial would have been more favorable to him than was his disposition. See id.

---

[1] The attorney who represented applicant in the child-molestation information and subsequent plea to that charge was not called to testify during the postconviction-relief proceedings.
[2] Although the determination is not necessary to decide this case, we agree with the trial justice that such advice would have been erroneous. In State v. Bergevine, 883 A.2d 1158, 1158-59 (R.I. 2005) (mem.), we considered "[t]he notion of a defendant being on probation with respect to a criminal offense before being convicted of the crime itself * * * ." We held that it "defies common sense," "is not legally viable," and "quite apart from being illogical, is rife with practical problems," such as the fact that a person could be violated before he or she was sentenced to the probation. Id. at 1158, 1159.

Indeed, there is nothing on which this Court could base a conclusion that a different outcome would have resulted from a trial. See Figueroa, 639 A.2d at 500-01 (noting the absence of anything that might show an applicant's innocence and concluding that a trial "most probabl[y]" would have led to a conviction).

In Neufville, 13 A.3d at 614, we said that the burden of showing prejudice is "almost insurmountable" when the sentence received after a plea is shorter than the sentence that an applicant could have received had he proceeded to trial. The applicant here was charged with second-degree child molestation under G.L. 1956 § 11-37-8.3. Pursuant to § 11-37-8.4, the applicant could have been sentenced to between six and thirty years for each count if he was convicted after trial, and those sentences could have been imposed consecutively and even consecutive to the robbery sentence he was already serving. See State v. Fuentes, 433 A.2d 184, 192 (R.I. 1981). By striking a favorable agreement with the state and pleading nolo contendere, he received only a ten-year sentence, all of which was suspended and ran concurrently with his robbery sentence. The applicant has failed to demonstrate that he suffered any prejudice whatsoever from the advice that he contends he received, and his application thus falls short on the Strickland test's second prong as well.

**IV**

**Conclusion**

For the foregoing reasons, we affirm the judgment of the Superior Court. The record shall be remanded to that court.

- 7 -



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

---

**TITLE OF CASE:**    Anthony Perkins v. State of Rhode Island.

**CASE NO:**    No. 2012-174-Appeal.
(PM 06-4832)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    November 4, 2013

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Francis J. Darigan, Jr.

**ATTORNEYS ON APPEAL:**

For Applicant:  Robert J. Caron, Esq.

For State:  Jeanine McConaghy
            Department of Attorney General