**Supreme Court**

No. 2015-52-Appeal.
(PM 14-262)

Abdoulie Njie                    :

v.                    :

State of Rhode Island.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Abdoulie Njie                    :

v.                               :

State of Rhode Island.           :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Flaherty, for the Court.**  Abdoulie Njie's application for postconviction relief, premised on ineffective assistance of counsel, was denied in the Superior Court, and he appealed to this Court, contending that the hearing justice's decision was in error.  This case came before the Supreme Court on February 10, 2017, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.  After carefully considering the record and the parties' written and oral submissions, we conclude that cause has not been shown and proceed to decide the appeal without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Travel

On September 2, 2011, a grand jury indicted applicant, Abdoulie Njie, on four counts: two counts of first-degree sexual assault (counts 1 and 2), in violation of G.L. 1956 §§ 11-37-2 and 11-37-3, one count of second-degree sexual assault (count 3), in violation of §§ 11-37-4 and 11-37-5, and one count of intimidation of a witness in a criminal proceeding (count 4), in

violation of G.L. 1956 § 11-32-5(a). On December 4, 2012, after numerous pretrial conferences, Njie pled nolo contendere to counts 3 and 4 of the indictment. In exchange for his plea, the state dismissed counts 1 and 2 in accordance with Rule 48(a) of the Superior Court Rules of Criminal Procedure. On count 3, Njie was sentenced to fifteen years at the Adult Correctional Institutions (ACI), twelve years to serve, the balance to be suspended, with probation. On count 4, he was sentenced to five years at the ACI, suspended, with five years' probation to run consecutive to count 3.

A week after Njie's plea was entered, the state filed a motion under Rule 35 of the Superior Court Rules of Criminal Procedure to correct the sentence imposed on count 4 because it was illegal. The state submitted that it had "mistakenly advised the [c]ourt and defense counsel that count four (4) of the indictment was a Felony Witness Intimidation charge under * * * [§] 11-32-5 punishable by up to 5 years in prison." After further review, the state determined that count 4 was actually "a misdemeanor offense of Witness Intimidation under * * * [§] 11-32-5(a) punishable by up to one (1) year in prison." The state requested the court "to correct the sentence imposed in count four (4) to one (1) year at the Adult Correctional Institution[s] (ACI) suspended with [one] (1) year probation consecutive to the sentence imposed in [c]ount three (3)." At a hearing on the same day, with applicant present, the state's motion was granted and the original plea form was modified to incorporate this change. A judgment of conviction and commitment was later entered to reflect the modified sentence.

On January 3, 2014, Njie filed an application for postconviction relief. In that application, he alleged that his sentence and conviction were in violation of the United States Constitution and the Rhode Island Constitution due to the ineffective assistance of counsel. During a hearing on December 9, 2014, Njie's attorney articulated that Njie's request for

postconviction relief "should be more interpreted as that [Njie] did not make a knowing and intelligent plea at the time of his plea." Specifically, his attorney argued that Njie "did not know the consequences" at the time of his plea because "[c]learly he did not know the proper charges." The state contended that no evidence was "presented to [the] [c]ourt that [Njie] would never have pled if he knew [c]ount 4 was a maximum of one" year instead of five years. Further, the state maintained that, when the motion to correct the sentence was granted, Njie "had no objection through his attorney" and that "there was absolutely no indication from [him] on that day at all that he was now confused as to what was going on."

The hearing justice, who was the same justice who accepted Njie's plea, determined that "[t]he [c]ourt engaged in a pretty detailed colloquy with * * * [d]efendant before determining that his decision to change his plea was knowing, intelligent and voluntary." The hearing justice indicated that "exactly one week after [Njie's] plea * * * the sentence was modified so that it was still 15 years, 12 to serve on [c]ount [3]." Further, the hearing justice acknowledged Njie's attorney's argument that it indeed was "quite different to plead to a felony rather than a misdemeanor"; however, he noted that in this case Njie "was willing to plead to a very serious element, that of second degree sexual assault. So whether or not he had pled to a misdemeanor in [c]ount 4, it still would have been a felon[y]." The hearing justice concluded that Njie "failed to demonstrate that his decision to plead guilty to [c]ount 3 was not a knowing, intelligent and voluntary one in exchange for the dismissal of [c]ounts 1 and 2, in exchange for a 12-year term to serve." Furthermore, the hearing justice established that Njie "ratified the change" on the plea form by initialing it, adding that "[i]t was a change to [Njie's] benefit and not to his detriment." The hearing justice found that "nothing that occurred on the 11th day of December, 2011

modified, interfered or diminished his waiver of his Constitutional rights." After the hearing justice denied his application for postconviction relief, Njie timely appealed to this Court.

## II

### Standard of Review

Under Rhode Island law, postconviction relief is set forth in G.L. 1956 § 10-9.1-1(a)(1). Perkins v. State, 78 A.3d 764, 767 (R.I. 2013). "[P]ost-conviction relief is available to a defendant convicted of a crime who contends that his original conviction or sentence violated rights that the state or federal constitutions secured to him." Torres v. State, 19 A.3d 71, 77 (R.I. 2011) (quoting Otero v. State, 996 A.2d 667, 670 (R.I. 2010)). "An applicant who files an application for postconviction relief bears the burden of proving, by a preponderance of the evidence, that such relief is warranted." Rivera v. State, 58 A.3d 171, 179 (R.I. 2013) (quoting Anderson v. State, 45 A.3d 594, 601 (R.I. 2012)).

When reviewing an appeal arising from the denial of an application for postconviction relief, "[t]his Court will not impinge upon the fact-finding function of a hearing justice * * * 'absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence in arriving at those findings.'" Anderson, 45 A.3d at 601 (quoting Chapdelaine v. State, 32 A.3d 937, 941 (R.I. 2011)). "However, when a decision regarding postconviction relief 'involv[es] questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights,' this Court's standard of review is de novo." Id. (quoting State v. Laurence, 18 A.3d 512, 521 (R.I. 2011)). Nevertheless, "[e]ven when the de novo standard is applied to issues of constitutional dimension, we still accord a hearing justice's findings of historical fact, and inferences drawn from those facts, great deference in conducting our review." Id. (quoting Rice v. State, 38 A.3d 9, 16 (R.I. 2012)).

## Analysis

### Ineffective Assistance of Counsel

Before this Court, applicant initially contended that his conviction should be vacated because he received ineffective assistance of counsel. When reviewing claims of ineffective assistance of counsel, "this Court employs the well-known standard articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 * * * (1984)." Perkins, 78 A.3d at 767 (citing Hazard v. State, 64 A.3d 749, 756 (R.I. 2013)). Under the Strickland test, "applicants must demonstrate both that 'counsel's performance was deficient in that it fell below an objective standard of reasonableness' and that 'such deficient performance was so prejudicial to the defense and the errors were so serious as to amount to a deprivation of the applicant's right to a fair trial.'" Id. (quoting Hazard, 64 A.3d at 756).

When determining the performance prong of the test, "[c]ourts evaluate counsel's performance 'in a highly deferential manner,' * * * employing 'a strong presumption that counsel's conduct falls within the permissible range of assistance[.]'" Reyes v. State, 141 A.3d 644, 654-55 (R.I. 2016) (quoting Bido v. State, 56 A.3d 104, 111 (R.I. 2012)). Further, to satisfy the prejudice prong of the test, "[t]he [applicant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 655 (quoting Strickland, 466 U.S. at 694). "[I]n a plea context, [this] means that the applicant would not have pleaded guilty and would have insisted on going to trial and, importantly, that the outcome of the trial would have been different." Perkins, 78 A.3d at 768 (quoting Neufville v. State, 13 A.3d 607, 611 (R.I. 2011)). Significantly, this Court has said that "when counsel has secured a shorter sentence than what the defendant could have received had

he gone to trial, the [applicant] has an almost insurmountable burden to establish prejudice." Id. (quoting Neufville, 13 A.3d at 614); see also Rodrigues v. State, 985 A.2d 311, 317 (R.I. 2009) ("This Court previously has held that a lawyer's performance in advising a client to enter a plea involving a shorter sentence than the client otherwise might have received is not ineffective assistance of counsel, such that the client's constitutional rights have been violated.").

The applicant's arguments before us regarding ineffective assistance of counsel are minimal. Njie has not demonstrated that his counsel's performance was in any way deficient. Moreover, the record is devoid of any evidence of deficiency. Njie has also failed to establish that any deficient performance was so prejudicial as to amount to a deprivation of his right to a fair trial. The hearing justice importantly noted that "[t]he [s]tate was always willing to go forward on [the] two counts" of first-degree sexual assault but that "[i]t was only at the urging of * * * [d]efendant through counsel that the [c]ourt * * * urged the [s]tate to dismiss [c]ounts 1 and 2 * * *." In other words, Njie had "an almost insurmountable burden to establish prejudice" because his counsel had secured a much shorter sentence than what he could have received if he had gone to trial on all four counts. Perkins, 78 A.3d at 768 (quoting Neufville, 13 A.3d at 614). It is our opinion that Njie failed to meet this high burden, and, therefore, he has failed to provide us with the evidence required to support a claim of ineffective assistance of counsel.

### Knowing and Voluntary Nature of Plea

Although Njie's application sets forth only his argument of ineffective assistance of counsel, his Rule 12A statement clarifies that his "complaint is best described as a lack of a knowing and voluntary plea * * * in that [Njie] at the time of his plea was misinformed as to the proper charges against him, and the co[]nsequences of the charges." Before accepting a defendant's plea, a trial justice is obliged to conduct a thorough review of the plea agreement

with the defendant as is required by Rule 11 of the Superior Court Rules of Criminal Procedure. Rule 11 provides, in pertinent part, that:

> "The court * * * shall not accept [a plea of guilty] or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The court shall not enter a judgment upon a plea of guilty or nolo contendere unless it is satisfied that there is a factual basis for the plea."

Pursuant to Rule 11, a hearing justice "should engage in as extensive an interchange as necessary so that the 'record as a whole and the circumstances in their totality' will disclose to a court reviewing a guilty or nolo plea that the defendant understood the nature of the charge and the consequences of the plea." State v. Frazar, 822 A.2d 931, 935 (R.I. 2003) (quoting State v. Feng, 421 A.2d 1258, 1267 (R.I. 1980)). This Court will "not vacate a plea unless the record viewed in its totality discloses no facts that could have satisfied the [hearing] justice that a factual basis existed for a defendant's plea." Id. at 935-36 (quoting Feng, 421 A.2d at 1269).

Our review of the record reveals that the hearing justice found that the Superior Court engaged in a detailed colloquy with Njie before determining that his plea was knowing, intelligent, and voluntary. During the plea colloquy, the hearing justice established that Njie "graduated high school; that English was his first language; that he read and understood English; that he was not under the influence of alcohol or narcotics; [and] that he reviewed the plea form with his lawyer before he signed it." The hearing justice also went over the charges, the constitutional rights that defendant would be waiving, and the immigration consequences of his plea.

One week after the plea colloquy, the state moved to correct the sentence that the court had imposed and in response Njie said: "Okay." After the hearing justice explained the reason

for the sentence modification, she asked Njie if he understood and he answered, "Yes." Furthermore, she asked if she could write on the plea form in order to make the modification; everyone, including Njie, was amenable to her suggestion. She further indicated that she directed Njie to initial the modification "to confirm [his] agreement to the change." Before articulating the sentence, the hearing justice asked Njie if there was anything he wished to say. When Njie answered, "Yes, [Y]our Honor," she treated it as the invocation of a right of allocution and offered it to him. However, the record indicated that, after briefly consulting with his attorney, Njie responded, "No, Your Honor."

After reviewing the record in its totality, we are satisfied that the Superior Court's modification of Njie's sentence one week after his plea did not require the hearing justice to vacate the original plea. In Armenakes v. State, 821 A.2d 239, 245 (R.I. 2003), the defendant's counsel had overlooked a statutorily required sentencing requirement and had returned to the courtroom later that day, after the plea had entered, to request an amendment to the terms of the sentence. In Armenakes, this Court determined that "[t]he second session before the same justice later that day was a mere extension of the first session * * *." Id. Therefore, this Court concluded that the second session "was not a second plea nor was the original plea vacated; thus, repetition of the panoply of plea formalities was not required." Id. Similarly here, although a week later, the second session modifying the sentence imposed on count 4 was merely an extension of the first session and did not require the original plea to be vacated. Furthermore, the hearing justice correctly found that Njie's plea was knowing, intelligent, and voluntary.

Moreover, the fact that the maximum sentence for count 4 was reduced from five years to one year does not persuade us that Njie's plea was not knowing and voluntary. Rather, what is persuasive is that Njie, who at all times was represented by counsel, knowingly admitted to the

- 8 -

charges.  He was not misinformed of the proper charges against him, as his attorney argues. Therefore, it is our opinion that Njie has not proven by a preponderance of the evidence that postconviction relief is warranted.  We discern no error or showing that the justice who conducted the postconviction relief hearing overlooked or misconceived material evidence in arriving at her findings.

## IV

## Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court.  The record shall be remanded to that court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Abdoulie Njie v. State of Rhode Island. |
| **Case Number** | No. 2015-52-Appeal.<br>(PM 14-262) |
| **Date Opinion Filed** | April 3, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Netti C. Vogel |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Paul Dinsmore, Esq. |
| | For Respondent:<br><br>Jeanine P. McConaghy, Esq. |